JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Julian Bradley

**(b)** County of Residence of First Listed Plaintiff    Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Feeda R. Musitief, Esquire -- Fine and Staud, LLC
1333 Race Street, Philadelphia, PA 19107
215-665-0100

### DEFENDANTS

Amazon.com, Inc. and
EasyAcc.com, Inc.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Keith Heinold -- Marshall, Dennehey, Warner, Coleman & Goggin
2000 Market Street, Suite 2300, Philadelphia, PA 19103
215-575-2640  (attorney for defendant Amazon.com, Inc.)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
       Plaintiff

☐ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 2   U.S. Government
       Defendant

☒ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Plaintiff is a citizen of PA; Amazon.com, Inc. is a citizen of WA and DE; EasyAcc.com, Inc. is a citizen of China.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE   4/6/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Julian Bradley | : | CIVIL ACTION |
| v. | : | |
| Amazon.com, Inc. and<br>EasyAce.com, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                 ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (✓)


| | | |
|---|---|---|
| *4/6/17* | *[signature]* | Amazon.com, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-2640 | 215-575-0856 | kdheinold@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | | |
|---|---|---|---|
| Julian Bradley | : | CIVIL ACTION | |
| v. | : | | |
| Amazon.com, Inc. and EasyAcc.com, Inc. | : | NO. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

| | | |
|---|---|---|
| 4/6/17 | _[signature]_ | Amazon.com, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-2640 | 215-575-0856 | kdheinold@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff    319 E. Mill Road, Hatboro, Pennsylvania 19040

Address of Defendant    410 Terry Avenue North, Seattle, Washington 98109

Place of Accident, Incident or Transaction    Date of accident was March 18, 2016.  Location of accident is unknown.
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))          Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?          Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes ☐   No ☒

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐   No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?          Yes ☐   No ☒

CIVIL:  (Place ✓ in ONE CATEGORY ONLY)

| | A.   *Federal Question Cases:* | | B.   *Diversity Jurisdiction Cases* |
|---|---|---|---|
| 1. | ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. | ☐ Insurance Contract and Other Contracts |
| 2. | ☐ FELA | 2. | ☐ Airplane Personal Injury |
| 3. | ☐ Jones Act-Personal Injury | 3. | ☐ Assault, Defamation |
| 4. | ☐ Antitrust | 4. | ☐ Marine Personal Injury |
| 5. | ☐ Patent | 5. | ☐ Motor Vehicle Personal Injury |
| 6. | ☐ Labor-Management Relations | 6. | ☐ Other Personal Injury (Please specify) |
| 7. | ☐ Civil Rights | 7. | ☒ Products Liability |
| 8. | ☐ Habeas Corpus | 8. | ☐ Products Liability – Asbestos |
| 9. | ☐ Securities Act(s) Cases | 9. | ☐ All other Diversity Cases |
| 10. | ☐ Social Security Review Cases | | (Please specify) |
| 11. | ☐ All other Federal Question Cases | | |
| | (Please specify) | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____ counsel of record do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE _____    _____    30244
                     Attorney-at-Law    Attorney I.D. #

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE __4/6/17__    _____    30244
                   Attorney-at-Law    Attorney I.D. #

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN BRADLEY | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **NO.** |
| EASYACC.COM, INC. | : | |
| and | : | |
| AMAZON.COM, INC. | : | |
| | : | |

### NOTICE OF REMOVAL OF DEFENDANT, AMAZON.COM, INC.

Defendant, Amazon.com, Inc. (hereinafter "Amazon"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby respectfully files the Notice of Removal of this action, which is currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, February Term 2017, No. 07699, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, avers the following.

**I.      INTRODUCTION**

1.      Plaintiff, Julian Bradley (hereinafter "Plaintiff"), commenced this products liability action by filing a Complaint on or about March 1, 2017 in the Court of Common Pleas of Philadelphia County, which asserts claims in negligence and strict liability against Amazon and co-defendant EasyAcc.com, Inc. (hereinafter "EasyAcc") for an allegedly defective iPhone charger that caught on fire in Plaintiff's pants pocket, allegedly causing him to sustain serious and permanent burn injuries. See Plaintiff's Complaint, attached hereto as Exhibit "A."

**II.      THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION**

2.      Pursuant to 28 U.S.C. § 1441(b), a defendant may remove a case from state court to federal court based on diversity jurisdiction, and pursuant to § 1332(a)(1), a federal district

1

court may exercise diversity jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

      3.     For the reasons detailed herein, this case is removable on the basis of diversity.

**A.    Complete diversity exists**

      4.     Plaintiff is an individual with a stated residence at 319 E. Mill Road in Hatboro, Pennsylvania. See Exhibit "A" at ¶ 1. Plaintiff is a citizen of Pennsylvania.

      5.     Pursuant to 28 U.S.C. § 1332, a corporation is deemed to be a citizen of every state in which it has been incorporated, and of the state where it has its principal place of business. Amazon.com, Inc. was incorporated in the State of Delaware and maintains its principal place of business in the State of Washington, and therefore, Amazon.com, Inc. is a citizen of Delaware and Washington.

      6.     The citizenship of a limited liability company is determined by the citizenship of each of its members. See Johnson v. Smithkline Beecham Corp., 742 F.3d 337, 348 (3d Cir. 2013); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

      7.     Upon investigation into co-defendant EasyAcc.com, Inc., counsel for Amazon determined that EasyAcc is the registered name of a product line, and that the name was registered by Searay LLC. Searay LLC is a Delaware limited liability company that has four members, all individuals who are citizens of China. See email correspondence from Jason Xie (jason@easyacceu.com), dated March 31, 2017, attached as Exhibit "B."

      8.     Therefore, for purposes of diversity, Searay LLC, the appropriate entity in this matter, is a citizen of China and diverse from Plaintiff, a citizen of Pennsylvania.

**B.    The amount in controversy exceeds $75,000**

9.    Further, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

10.    This products liability matter involves an individual who allegedly "sustained serious and permanent injuries including without limitation, injuries to his muscles, thigh, leg, hand, scars, scarring wounds, second degree deep burn on upper right thigh, burns and scars on right thigh/leg, left hand burns, swelling, redness, blisters, muscle pain, and aggravation of pre-existing conditions if any, other ills and injuries some or all of which injuries may be permanent," and who is making a claim for loss of earnings and/or earning capacity, and other economic damages. See Exhibit "A," ¶ 29.  In his Complaint, Plaintiff alleges damages "in excess of $50,000." See Exhibit "A."

11.    Given the extent of injuries alleged in this matter and the undersigned counsel's experience with lawsuits involving burn injuries, it is clear that Plaintiff is demanding an amount in controversy, exclusive of interest and costs, in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332.

**III.    SERVICE OF COMPLAINT**

12.    Amazon was served with the Complaint on March 15, 2017, and therefore, its removal has been timely filed in accordance with 28 U.S.C. § 1446(b)(3). See Affidavit of Service, attached as Exhibit "C."

**IV.    VENUE OF REMOVED ACTION**

13.    This action may be removed to this Court by Amazon pursuant to 28 U.S.C. § 1441(a) because this case was initially brought in a state court within the geographical area of the

Eastern District of Pennsylvania, and because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## V.    NOTICE TO OTHER PARTIES

14.    Amazon is not required to obtain consent for removal from EasyAcc.com, Inc. pursuant to 28 U.S.C. § 1441(b)(2), as EasyAcc.com, Inc. has not been served.

15.    Written notice of the filing of this Notice of Removal has been given to all adverse parties in accordance with 28 U.S.C. § 1446(d), and is noted in the Certificate of Service attached hereto.

## VI.    NOTICE TO STATE COURT

16.    Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

## VII.    PLEADINGS IN THE STATE COURT ACTION

17.    Amazon filed Preliminary Objections to Plaintiff's Complaint, which were pending at the time that this Notice of Removal was filed.  In accordance with F.R.C.P. 81, Amazon will file an Answer in this Court within seven days of filing this Notice of Removal.

18.    All relevant pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).  These consist of the aforementioned Exhibit "A," as well as additional documents that are collectively attached hereto as Exhibit "C."

WHEREFORE, Defendant, Amazon.com, Inc., respectfully requests that this action now pending against it in the Court of Common Pleas of Philadelphia County, February Term 2017,

No. 07699, be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

KEITH D. HEINOLD
Attorney for Defendant,
Amazon.com, Inc.

Date: _4/6/17_

5

COMMONWEALTH OF PENNSYLVANIA      :
                                                          SS
COUNTY OF PENNSYLVANIA              :

### *AFFIDAVIT*

*KEITH D. HEINOLD*, being duly sworn according to law deposes and says that the facts

set forth in the foregoing Notice of Removal are true and correct to the best of his knowledge,

information and belief.




_____

**KEITH D. HEINOLD**



**SWORN TO AND SUBSCRIBED :**

**BEFORE ME THIS** _6th_ **DAY :**

**OF** _April_ **, 2017 :**

_____

**NOTARY PUBLIC**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Audrey M. Gaffney, Notary Public
City of Philadelphia, Philadelphia County
My commission expires July 01, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing Notice of Removal was served this date, via United States Mail, to the following persons:

Feeda R. Musitief, Esquire
1333 Race Street
Philadelphia, PA 19107
(*Attorney for Plaintiff*)

Searay LLC
c/o INCUSA LLC
36 Berkley Drive
Newark, DE 19702
(*Registrant of co-Defendant EasyAcc*)

BY: _____
KEITH D. HEINOLD
Attorney for Defendant,
Amazon.com, Inc.

Date: _____

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2017**

**007699**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JULIAN BRADLEY | AMAZON.COM, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 319 E. MILL ROAD HATBORO PA 19040 | 410 TERRY AVENUE NORTH SEATTLE WA 98109 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | AMAZON.COM, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | XYZ XYZ PA 19107 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal [X] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less [X] More than $50,000.00 | [ ] Arbitration [X] Jury [ ] Non-Jury [ ] Other: | [ ] Mass Tort [ ] Savings Action [ ] Petition | [ ] Commerce  [ ] Settlement [ ] Minor Court Appeal  [ ] Minors [ ] Statutory Appeals  [ ] W/D/Survival |

CASE TYPE AND CODE
20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED PRO PROTHY**
MAR 01 2017
K. EDWARDS

IS CASE SUBJECT TO COORDINATION ORDER?  YES  NO

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JULIAN BRADLEY
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| FEEDA R. MUSITIEF | FINE AND STAUD LLP 1333 RACE STREET PHILADELPHIA PA 19107 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)665-0100 | (215)665-1393 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 202768 | fmusitief@fineandstaud.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| FEEDA MUSITIEF | Wednesday, March 01, 2017, 10:00 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**FINE AND STAUD, LLC**
**BY: FERDA R. MUSITIEF, ESQUIRE**
Attorney I.D.: 202768
1333 RACE STREET
PHILADELPHIA, PA. 19107-1585
215-665-0100
Fmusitief@FineandStaud.com

ATTORNEYS FOR PLAINTIFF



MAJOR JURY

---

| | |
|---|---|
| JULIAN BRADLEY | : |
| 319 E. Mill Road | : |
| Hatboro, PA 19040 | :. |
| Plaintiff, | : |
| vs. | : |
| EASYACC.COM, INC. | : |
| | : |
| | : |
| and | : |
| AMAZON.COM, INC. | : |
| 410 Terry Avenue North | : |
| Seattle, WA 98109 | : |
| Defendants | : |

COURT OF COMMON PLEAS
**PHILADELPHIA COUNTY**

_____ TERM 2017
NO.:

**TRIAL BY JURY DEMANDED**

## NOTICE TO PLEAD

<table>
<tr><td>NOTICE</td><td>AVISO</td></tr>
<tr><td>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER

</td><td>

"Le hand demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA

</td></tr>
</table>

Case ID: 170207699

LEGAL SERVICES TO ELIGIBLE PERSONS AT A
REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333   TTY# (215) 451-6197

Servicio De Referencia E. Informacion
1101 Market Street, 11th Floor
(215) 238-6333   TTY# (215) 451-6197

Case ID: 170207699

**FINE AND STAUD, LLC**
BY: FEEDA R. MUSITIEF, ESQUIRE
Attorney I.D.: 202768
1333 RACE STREET
PHILADELPHIA, PA 19107-1585
215-665-0100
Fmusitief@FincandStaud.com

ATTORNEYS FOR PLAINTIFF

MAJOR JURY

| | |
|---|---|
| JULIAN BRADLEY<br>319 E. Mill Road<br>Hatboro, PA 19040<br>Plaintiff, <br><br>vs.<br>EASYACC.COM, INC.<br><br><br>and<br>AMAZON.COM, INC.<br>410 Terry Avenue North<br>Seattle, WA 98109<br>Defendants | COURT OF COMMON PLEAS<br>**PHILADELPHIA COUNTY**<br><br><br>_____ TERM 2017<br>NO.:<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiff, Julian Bradley, by and through his attorneys, Fine and Staud, LLC states he has multiple causes of action against Defendants, Easyacc.com, Inc and Amazon.com, Inc and in support thereof avers the following:

### I. PARTIES

1. Plaintiff, Julian Bradley, is an adult individual and resident of the Commonwealth of Pennsylvania residing at the above stated address.

2. Defendant, Easyacc.com, Inc ("EasyAcc"), upon information and belief, is a corporation existing by virtue of the laws of China/Hong Kong which regularly conducts business in the Commonwealth of Pennsylvania, with substantial contacts in the Commonwealth of Pennsylvania. After reasonable investigation, Plaintiff is unaware of a good address for service of the Complaint for Defendant, EasyAcc.

Case ID: 170207699

3. EasyAcc is vicariously liable for the negligent and/or reckless acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency. At all material times, Easyacc was the manufacturer of EasyAcc Ichoc Power Bank 5000 which is an external battery pack charger for Iphone and other smart devices (hereinafter "Charger").

4. Defendant, Amazon.com, Inc ("Amazon"), upon information and belief, is a corporation and online commerce giant which regularly conducts business in the Commonwealth of Pennsylvania, with substantial contacts in the Commonwealth of Pennsylvania, and with offices at the above stated address.

5. Amazon is vicariously liable for the negligent acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency.

6. At all material times, Amazon sold and distributed the Charger.

## II. JURISDICTION AND VENUE

7. Jurisdiction and Venue are proper in the Court of Common Pleas in Philadelphia County, Commonwealth of Pennsylvania in that Defendants regularly conduct business in Philadelphia and all events relevant to this matter occurred in Philadelphia County, Commonwealth of Pennsylvania.

## III. OPERATIVE FACTS

8. On or about July 4, 2015, Plaintiff, Julian Bradley's fiancée, Lauren Henriques, purchased for him the Charger to charge his Iphone under order # 115-3206735-0713052 from Amazon.

9. At all material times, the Charger was wireless.

10. On or about March 18, 2016, Plaintiff, Julian Bradley, was charging his Iphone and placed his Iphone and the Charger in his right leg Jean's pocket.

Case ID: 170207699

11. At all times relevant, while Plaintiff, Julian Bradley, was charging his Iphone using the Charger, the Charger, suddenly and without warning, ignited, exploded and caught fire causing severe and permanent injuries to Plaintiff.

12. The incident and the injuries suffered by Plaintiff were caused solely by the negligence, carelessness, and recklessness of Defendants, Amazon and EasyAcc, jointly and/or severally.

## COUNT I
## NEGLIGENCE
## JULIAN BRADLEY v. DEFENDANTS

13. Plaintiff incorporates all of the proceeding paragraphs of this Complaint as set forth fully at length herein.

14. Defendants did manufacture, sell and/or distribute the charger in question.

15. At all material times, Defendants owned, manufactured, distributed, controlled and/or otherwise caused the charger to be placed into the stream of commerce.

16. At all material times, Defendants were responsible for manufacturing and distributing the charger in a condition suitable and safe for operation by members of the public including Plaintiff.

17. At all material times, the charger was unreasonably dangerous and unsafe for use by the average consumer as it could suddenly ignite, explode, and catch fire posing serious harm to members of the public.

18. Defendants knew or should have known that the charger was capable of igniting, exploding, and catching fire while being used as intended.

19. Upon information and belief, Defendants were aware of prior incidents involving the sudden ignition and explosion of the charger in question but continued to market and distribute the charger.

20. Defendants knew or should have known that the Charger sold to Plaintiff was not reasonably safe.

21. At all times relevant, Defendants failed to warn the public including but not limited to the dangers involved in using this charger.

Case ID: 170207699

22. At all material times, the dangers posed to Plaintiff from the Charger were latent and unknown to him.

23. At all material times, the charger and its packaging did not warn that the charger could suddenly ignite, explode and otherwise catch fire.

24. The latent danger was created by the negligence and recklessness of Defendants.

25. At all material times, Defendants failed to warn consumers including Plaintiff of the dangers posed from the charger including but not limited to the fact that it could suddenly ignite, explode and catch fire while being used as intended.

26. Plaintiff's injuries were caused solely by the negligence and recklessness of the Defendants.

27. As a direct and proximate result of Defendants' negligence and recklessness, Plaintiff was caused to suffer severe and permanent injuries as described below.

28. Defendant's negligence consisted of but is not limited to the following:

    a.   Failing to warn Plaintiff that the charger was defective;

    b.   Failing to warn that the charger could suddenly ignite, explode and catch fire;

    c.   Failing to warn that the charger's battery could suddenly ignite, explode and catch fire;

    d.   Failing to warn of the latent and hidden danger created from using the charger as intended;

    e.   Failing to properly redesign, remanufacture, repair and/or maintain said charger before it was sold or distributed;

    f.   Permitting a defective and dangerous charger to be used by Plaintiff;

    g.   Failing to eliminate, repair and maintain the aforesaid defective charger;

    h.   Allowing and permitting there to exist a dangerous and defective condition   after actual and/or constructive notice of said defect;

i.   Manufacturing, distributing and selling a charger that they knew or should have known could ignite, explode and catch fire;

j.   Failing to take the charger out of stream of commerce after actual and/or constructive notice of its defective condition;

k.   Failing to warn the Plaintiff and others similarly situated of the aforesaid defective and dangerous condition of the charger;

l.   Allowing and permitting said charger to be and exist in a defective condition;

m.   Failing to maintain the charger in a good state of repair and condition before it was put in the chain of commerce;

n.   Failing to properly and adequately inspect the aforesaid defective charger so as to determine the condition thereof;

o.   Violating applicable laws, codes, and ordinances with respect to the care, maintenance, control and repair of the charger provided to Plaintiff;

p.   Negligent hiring of contractors, employees, workmen, and servants;

q.   Negligent training of contractors, employees, workmen, and servants;

r.   Negligent supervision of contractors, employees, workmen, and servants;

s.   Failing to properly fix the dangerous condition;

t.   Failing to remove the dangerous condition;

u.   Failing to warn of the dangerous condition;

v.   Failing to provide a safe electrical system and/or battery in the charger;

w.   Failing to provide proper materials and component parts when manufacturing the charger;

x.   Failing to design the aforesaid charger in a safe condition;

y.   Creating, manufacturing and distributing the charger that could suddenly ignite, explode, and catch fire while being used as intended;

Case ID: 170207699

z.    Inadequate design of the charger; and

aa.    Failing to exercise caution and care for the rights and safety of Plaintiff and others.

29. As a direct and proximate result of the carelessness, negligence and recklessness of Defendants, jointly, severally, and/or vicariously, Plaintiff, Julian Bradley, sustained serious and permanent bodily injuries including without limitation, injuries to his muscles, thigh, leg, hand, scars, scarring wounds, second degree deep burn on upper right thigh, burns and scars on right thigh/leg, left hand burn, swelling, redness, blisters, muscle pain, and aggravation of pre-existing conditions if any, other ills and injuries some or all of which injuries may be permanent; Plaintiff was prevented from attending to his usual duties and activities, has and continues to suffer pain and suffering of mind and body, mental anguish and distress; in addition, he has suffered and/or will suffer lost wages, a loss of earnings and/or earning capacity and other economic losses including but not limited to outstanding medical bills and the need for future medical treatment and care all to his financial detriment.

WHEREFORE, Plaintiff Julian Bradley, hereby requests this Honorable Court to enter judgment in his favor and against Defendants, Easyacc.com, Inc and Amazon.com, Inc, jointly and/or severally, in a sum greater than $50,000.00 plus interest, delay damages, and costs of suit.

## COUNT II
## STRICT LIABILITY
## JULIAN BRADLEY v. DEFENDANTS

30. Plaintiff incorporates all of the proceeding paragraphs of this Complaint as set forth fully at length herein.

31. The charger was designed, manufactured, developed, distributed, assembled, produced, inspected, licensed, promoted, packaged, processed, compounded, labeled, specified or recommended, certified, marketed, sold, or otherwise supplied and placed in the stream of commerce as heretofore set forth by Defendants in a manner which was not in a good and proper workmanlike fashion, in a defective

Case ID: 170207699

condition unreasonably dangerous to the ultimate users, consumers, and bystanders, including Plaintiff Julian Bradley.

32. The charger was expected to and did reach the ultimate users, consumers, and bystanders, including Plaintiff, Julian Bradley, without substantial change or alteration and in the same or substantially the same condition as when it was manufactured, sold, labeled, or distributed, while in or as it left the possession and control of Defendants.

33. The aforementioned charger was defective and unsafe when it left the control of Defendants, in that it was not safe for the reasonably foreseeable use which subjected Plaintiff, Julian Bradley, to serious injuries when the aforementioned charger was used in a reasonable and foreseeable manner.

34. The charger was defectively designed and/or manufactured in that it was capable of catching fire and seriously injuring consumers.

35. The charger posed an unreasonable danger to intended users such as Plaintiff due to its defect.

36. The charger was defective and unsafe because it could suddenly ignite, explode and catch fire causing severe and permanent injuries to Plaintiff.

37. Upon information and belief, the charger was defective and unreasonably dangerous as it did not contain all appropriate safety mechanisms and safeguards to prevent the aforesaid harm from occurring.

38. The charger was defectively and negligently manufactured and/or distributed by Defendants causing the product to be unreasonably dangerous and causing the aforementioned harm to occur.

39. The design of the charger poses unreasonable danger to the public.

40. Upon information and belief, the charger contained defective components and warnings causing the product to be unreasonably dangerous and causing the aforementioned harm to occur.

41. The charger that injured Plaintiff was in the same or substantially the same condition at the time it injured Plaintiff as compared to the time it left the control of the Defendants.

42. The charger was being used for its intended purpose at the time it injured Plaintiff.

43. Upon information and belief, at all material times hereto, the warnings if any accompanying the charger were defective and did not properly inform and warn the public as to the hidden danger created by the charger which included that the charger could suddenly ignite, explode and catch fire.

44. Upon information and belief, the warnings if any, contained on or with the charger, issued by Defendants did not adequately and fully inform the public on the safe use of the product including but not limited to properly use it for its intended purpose.

45. Defendants failed to warn concerning the hazard posed from the ordinary usage of the charger.

46. Due to the defective condition(s) of the product and warnings, a significant danger was permitted to exist which caused the harm suffered by Plaintiff.

47. At all material times, this danger was latent and unknown to Plaintiff but appreciated and known by Defendants.

48. As a direct and proximate result of the aforementioned unsafe and defective condition(s) of the charger, Plaintiff sustained severe and permanent injuries as previously mentioned above.

49. Defendants are strictly liable to the Plaintiff pursuant to 402A of the Restatement (Second) of Torts.

50. The aforementioned charger was not equipped with every element necessary to make it safe for reasonably foreseeable use.

51. Defendants are strictly liable for the injuries Plaintiff suffered as a result of his use of the defective charger, which at all pertinent times was under the exclusive control of the Defendants.

52. As a direct and proximate result of the aforementioned unsafe and defective condition of the Charger, Plaintiff, Julian Bradley, sustained the injuries and damages set as aforementioned.

WHEREFORE, Plaintiff, Julian Bradley, hereby requests this Honorable Court to enter judgment in his favor and against Defendants, Easyace.com, Inc and Amazon.com, Inc, jointly and/or severally, in a sum greater than $50,000.00 plus interest, delay damages, and costs of suit.

Case ID: 170207699

**COUNT III**
**PUNITIVE DAMAGE**
**JULIAN BRADLEY v. DEFENDANTS**

53. The averments of all preceding paragraphs are incorporated by reference as though fully set forth herein.

54. At all material times, the production and distribution of the charger was substantially below industry standards and done with reckless disregard for the safety of the public including Julian Bradley.

55. Defendants knew and/or recklessly disregarded the fact that the charger Plaintiff was using was highly dangerous and could result in serious injury.

56. Upon information and belief, Defendants were well aware prior to Plaintiff's injury that the charger could suddenly ignite, explode and catch fire.

57. Upon information and belief, other incidents where the charger suddenly ignited, exploded and caught fire have occurred before and after Plaintiff's incident which have caused injury or substantially endangered members of the public but Defendants recklessly, wantonly, and with great deliberate indifference to the well-being of public continued to market and sell the charger without change and without adequate warning to the public.

58. Defendants deliberately and/or recklessly made no effort to warn the public including Plaintiff to the known risks of the charger creating an unreasonable risk of physical harm to Plaintiff and others similarly situated.

59. Defendants' recklessness and reckless disregard consisted of but is not limited to the following:

    a.   Failing to warn Plaintiff that the charger was defective;

    b.   Selling and distributing a product known to Defendants to suddenly ignite, explode and catch fire;

    c.   Concealing that the charger could suddenly ignite, explode and catch fire;

    d.   Failing to warn of the latent and hidden danger created from permitting the use of the charger;

Case ID: 170207699

e.   Failing to properly repair and maintain said charger before it was sold/distributed;

f.   Permitting a defective and dangerous charger to be used by Plaintiff;

g.   Failing to eliminate, repair and maintain the aforesaid defective charger;

h.   Marketing and selling a product known to Defendants to cause serious harm or injury;

i.   Allowing and permitting there to exist a dangerous and defective condition   after actual and/or constructive notice of said defect;

j.   Failing to take the charger out of stream of commerce after actual and/or constructive notice of its defective condition;

k.   Failing to warn the Plaintiff and others similarly situated of the aforesaid defective and dangerous condition of the charger;

l.   Allowing and permitting said charger to be and exist in a defective condition;

m.   Failing to maintain the charger in a good state of repair and condition before it was put in the chain of commerce;

n.   Failing to properly and adequately inspect the aforesaid defective charger so as to determine the condition thereof;

o.   Violating applicable laws, codes, and ordinances with respect to the care, maintenance, control and repair of the charger provided to Plaintiff;

p.   Reckless hiring of contractors, employees, workmen, and servants;

q.   Reckless training of contractors, employees, workmen, and   servants;

r.   Reckless supervision of contractors, employees, workmen, and servants;

s.   Failing to properly treat the dangerous condition;

t.   Failing to remove the dangerous condition;

u.   Failing to warn of the dangerous condition; and

Case ID: 170207699

    v.   Failing to exercise caution and care for the rights and safety of Plaintiff and

        others.

    w.   Failing to provide a safe electrical system in the charger;

    x.   Failing to provide proper materials and component parts when manufacturing the

        charger;

    y.   Failing to redesign and remanufacture the charger after knowing of the serious

        danger posed to consumers;

    z.   Failing to design the aforesaid charger in a safe condition; and

    aa.  Failing to exercise caution and care for the rights and safety of Plaintiff and

        others.

60. Defendants' actions demonstrate recklessness and reckless disregard to Plaintiff's health and well

being.

61. As a direct result of Defendants' recklessness and deliberate indifference, Plaintiff suffered injuries

as pled above.

62. Punitive damages are appropriate against Defendants to deter further harmful inaction and/or

conduct.

      WHEREFORE, Plaintiff, Julian Bradley, demands judgment in his favor and against

Defendants, Easyacc.com, Inc and Amazon.com, Inc, jointly and/or severally, in an amount in excess of

Fifty Thousand Dollars, ($50,000.00) including compensatory damages, punitive damages, costs of

litigation, interest, and delay damages, and all other relief deemed just and appropriate.

          Respectfully Submitted,

          FINE AND STAUD, LLC

          By:
          Feedla R. Musitief, Esquire
          Attorneys for Plaintiff

                   Case ID: 170207699

## VERIFICATION

I, Julian Bradley, hereby state that I am the Plaintiff in this matter and that the averments contained in the foregoing pleading/discovery are true and correct to the best of my knowledge, information and belief, and further that this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification.

Julian Bradley

Case ID: 170207699

# EXHIBIT "B"

**Castafero, Kelly J.**

| | |
|---|---|
| **From:** | Jason Xie [jason@easyacceu.com] |
| **Sent:** | Friday, March 31, 2017 11:44 AM |
| **To:** | Castafero, Kelly J. |
| **Subject:** | Re: Inquiry about Searay LLC |

Hi Kelly

Thanks for the effort in this case.
According to what I know, I can provide the information as below:
(1) how many members there are,   -- There are 4 members, all are Chinese. Names are: Yamin LIU, Yeping
XIE, Wei PAN, Xing SU.
(2) whether any members are individuals (and where they live)  --They are all individuals and they are living in
China.
(3) whether any are corporations (and where they are incorporated/ where their principal place of business lies),
-- 36 Berkley Dr.
Newark, DE 19702
(4) whether they are other types of entities such as LLCs -- Just Searay LLC

If you need more information, please let me know.


Mit freundlichen Grüßen / Kind regards

**Jason Xie**
26 Furley Road,London,SE15 5UQ, United Kingdom
**Mobile:** +49 15227702217
**E-mail:** jason@easyacceu.com
**SkypeID:** skypeyechen
**Internet:** www.easyacc.com


2017-03-31 23:25 GMT+08:00 Castafero, Kelly J. <KJCastafero@mdwcg.com>:

Jason,


I was given your contact information by LegalForce RAPC.  My firm represents Amazon in a lawsuit against it by an
individual who claims to have been injured when an EasyAcc iPhone charger that he purchased on Amazon caught on fire
in his pocket.  EasyAcc.com, Inc. is also a defendant in the lawsuit.  I understand that EasyAcc is actually just a product
line of Searay LLC.


We are looking to remove the lawsuit from state court to federal court, which is a more favorable forum for both of the
defendants than Philadelphia, where the lawsuit is currently pending.  However, in order to do so, we need to know the
citizenship of Searay LLC.  The citizenship of a limited liability company is the citizenship of each of its members.  Would
you be able to tell me who the members of Searay LLC are, so that we are able to remove this lawsuit?  If you cannot give
me the exact identities, it would be very helpful for us to know (1) how many members there are, (2) whether any
members are individuals (and where they live), (3) whether any are corporations (and where they are incorporated/ where

1

their principal place of business lies), and (4) whether they are other types of entities such as LLCs.  Of course, if you are able to disclose their exact identities, that would be preferable.

Please feel free to call my office if that is easier, or if you have any questions.  I truly appreciate any information that you are able to give to me!

Kelly Castafero

**MARSHALL DENNEHEY**
WARNER COLEMAN & GOGGIN
ATTORNEYS-AT-LAW
PA   NJ   DE   OH   FL   NY

**Kelly J. Castafero**
*Attorney at Law*
bio | e-mail | website

2000 Market St.
Suite 2300
Philadelphia, PA 19103
Direct:   (215) 575-4555
Main:    (215) 575-2600
Fax:      (215) 575-0856

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to KJCastafero@mdwcg.com , or by telephone at (215) 575-4555 and then delete the message and its attachments from your computer.

# EXHIBIT "C"

**FINE AND STAUD, LLC**
BY: FEEDA R. MUSITIEF, ESQUIRE
Attorney I.D.: 202768
1333 RACE STREET
PHILADELPHIA, PA 19107-1585
215-665-0100
Fmusitief@FineandStaud.com

ATTORNEYS FOR PLAINTIFF

Filed and Attested by the
Office of Judicial Records
21 MAR 2017 10:59 am
D. COTTON

| | | |
|---|---|---|
| JULIAN BRADLEY | : | COURT OF COMMON PLEAS |
| | : | **PHILADELPHIA COUNTY** |
| | : | February Term 2017 |
| Plaintiff, | : | NO.: 007699 |
| vs. | : | |
| EASYACC.COM, INC. | : | |
| and | : | |
| AMAZON.COM, INC. | : | |
| Defendants | : | |

## AFFIDAVIT OF SERVICE

I, FEEDA R. MUSITIEF, ESQUIRE, being duly sworn according to law, deposes and says

that he served a true and correct copy of Complaint and Discovery, Civil Action in the above

captioned matter upon Defendant, Amazon.Com. Inc. by Certified Mail, Return Receipt Requested,

which was accepted on March 15, 2017. A copy of the Return Receipt Card is attached here and

marked as **Exhibit "A"**.

FINE AND STAUD LLC

BY: _____
**FEEDA R. MUSITIEF, ESQUIRE**
**Attorney for Plaintiff**

Case ID: 170207699

# EXHIBIT "A"

Case ID: 170207699

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Amazon.com, Inc.
410 Terry avenue North
Seattle, WA 98109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☑ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7008 3230 0001 5841 1230

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-15

Case ID: 170207699

# EXHIBIT "D"

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY: KEITH D. HEINOLD
Attorney ID. No. 30244
2000 Market Street
Suite 2300
Philadelphia, PA 19103
215-575-2640 (P)
215-575-0856 (F)
kdheinold@mdwcg.com



Attorney for Defendant
Amazon.com, Inc.

---

| | | |
|---|---|---|
| JULIAN BRADLEY | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| v. | : | |
| | : | |
| EASYACC.COM, INC. | : | FEBRUARY TERM, 2017 |
| and | : | |
| AMAZON.COM, INC. | : | NO. 7699 |

<u>**ENTRY OF APPEARANCE**</u>

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of defendant, Amazon.com, Inc., in the above-

captioned matter.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**


BY: ___*/s/ Keith D. Heinold*___
              KEITH D. HEINOLD
              Attorney for Defendant
              Amazon.com, Inc.

**DATED:** March 30, 2017

JULIAN BRADLEY

    v.

EASYACC.COM, INC.
and
AMAZON.COM, INC.

    :
    :
    :
    :
    :
    :
    :

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

FEBRUARY TERM, 2017

NO. 07699

## ORDER

**AND NOW**, this _____ day of _____, 2017, upon consideration of

the Preliminary Objections of Defendant, Amazon.com, Inc., and any responses thereto, it is

hereby **ORDERED** and **DECREED** that Amazon.com, Inc.'s Preliminary Objections are

**SUSTAINED**. It is further **ORDERED** that:

1. Plaintiff's claim for punitive damages, Count III, is hereby **DISMISSED** without

    prejudice; and

2. Any and all other language and/or allegations in the Complaint in support of recovery

    of punitive damages against Amazon.com, Inc., including but not limited to

    paragraphs 5, 12, 19, 24, 26, 27, and 29, are hereby **STRICKEN**.

**BY THE COURT**

_____
                                       **J.**

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:  KEITH D. HEINOLD
Attorney ID. No. 30244
BY:  KELLY J. CASTAFERO
Attorney ID. No. 320653
2000 Market Street
Suite 2300
Philadelphia, PA  19103
215-575-2640; 215-575-4555
kdheinold@mdwcg.com; kjcastafero@mdwcg.com

Attorney for Defendant
Amazon.com, Inc.

| | |
|---|---|
| JULIAN BRADLEY | **COURT OF COMMON PLEAS** |
| | **PHILADELPHIA COUNTY** |
| v. | |
| | FEBRUARY TERM, 2017 |
| EASYACC.COM, INC. | |
| and | NO. 07699 |
| AMAZON.COM, INC. | |

**PRELIMINARY OBJECTIONS OF DEFENDANT,**
**AMAZON.COM, INC., TO PLAINTIFF'S COMPLAINT**

Defendant, Amazon.com, Inc. (hereinafter "Amazon"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby preliminarily objects to Plaintiff's Complaint, and in support thereof, avers the following:

1.      Plaintiff, Julian Bradley, initiated the present lawsuit by filing a Complaint in the Court of Common Pleas of Philadelphia County on or about March 1, 2017. A true and correct copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A."

2.      Plaintiff alleges in his Complaint that on or about March 18, 2016, Plaintiff sustained serious bodily injuries when a wireless iPhone charger manufactured by Defendant EasyAcc.com, Inc. and sold by Amazon.com, Inc. caught fire in his pant pocket. See Exhibit "A," ¶¶ 8-11.

3.      In Count III of Plaintiff's Complaint, Plaintiff alleges a claim for punitive damages against both defendants.  See Exhibit "A," ¶¶ 53–62 (Count III).

4.      Plaintiff also includes language throughout the remainder of his Complaint to support a claim for Punitive Damages, including allegations that Amazon was "reckless," and allegations that Amazon was aware of prior incidents of ignitions and explosion of EasyAcc wireless iPhone chargers.  See Exhibit "A," ¶¶ 5, 12, 19, 24, 26, 27, and 29.

5.      However, Plaintiff fails to plead sufficient facts to support his claim for punitive damages against Amazon, and therefore Plaintiff's claim for punitive damages against Amazon should be dismissed, and the language and/or allegations in the remainder of the Complaint in support of a punitive damages claim should be stricken.

6.      The Pennsylvania Rules of Civil Procedure provide that a party may file preliminary objections for "insufficient specificity in a pleading."  Pa. R.C.P. 1028(a)(3).

7.      Pennsylvania law is clear that "punitive damages are an 'extreme remedy' available only in the most exceptional matters."  Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005).

8.      Such extraordinary damages are only appropriate when a defendant's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct.  See SHV Coal, Inc. v. Cont'l Grain Co., 587 A.2d 702, 704 (Pa. 1991).  See also McDaniel v. Merck, Sharpe & Dohme, 533 A.2d 436, 447 (Pa. Super. 1987) (punitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistakes, or errors of judgment); Martin v. Johns-Manville Corp., 494 A.2d 1088, 1098 (Pa. 1985) (even grossly negligent conduct is not sufficient to support an award of punitive damages).

2

9.     The clear focus in assessing punitive damages is on the actor's conduct and state of mind: "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." Martin v. Johns-Manville, 494 A.2d 1088, 1097 n.12 (Pa. 1985), reversed on other grounds, 528 A.2d 947 (Pa. 1987) (quoting Feld v. Merriam, 485 A.2d 742 (Pa. 1994)).

10.     In this case, Plaintiff fails to allege facts in his Complaint that would support the imposition of such an extreme category of damages against Amazon, specifically that Amazon acted with the requisite culpable mental state to support a claim for punitive damages, or specific supporting factual allegations to substantiate his claim that Amazon was aware of prior instances of the iPhone charger catching on fire.

11.     Therefore, Plaintiff's claim for punitive damages should be deemed impertinent, and this Court should strike Plaintiff's claims for punitive damages against Amazon without prejudice[1] pursuant to Pa. R.C.P. 1028(a)(2) (permitting preliminary objections for inclusion of scandalous or impertinent matter). See Hudock v. Donegal Mut. Ins. Co., 264 A.2d 668, 671 n.2 (Pa. 1970) (noting that allegations of damages or a prayer for damages that is not recoverable in the cause of action pled is impertinent matter and should be challenged via a preliminary objection in the nature of a motion to strike).

WHEREFORE, Defendant Amazon.com, Inc. respectfully requests that this Honorable Court dismiss Plaintiff's claim for punitive damages against it without prejudice, in accordance

---

[1] Should Plaintiff develop the requisite fact record giving rise to potential punitive relief against Amazon in the future, Plaintiff may motion to amend his Complaint at that time.

Case ID: 170207699
Control No.: 17034264

with the proposed order attached hereto.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**

By: _____

KEITH D. HEINOLD
Attorney for Defendant,
Amazon.com, Inc.

4

Case ID: 170207699
Control No.: 17034264

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:  KEITH D. HEINOLD
Attorney ID. No. 30244
BY:  KELLY J. CASTAFERO
Attorney ID. No. 320653
2000 Market Street
Suite 2300
Philadelphia, PA  19103
215-575-2640; 215-575-4555
kdheinold@mdwcg.com; kjcastafero@mdwcg.com

Attorney for Defendant
Amazon.com, Inc.

| | |
|---|---|
| JULIAN BRADLEY | **COURT OF COMMON PLEAS** |
| | **PHILADELPHIA COUNTY** |
| v. | |
| | FEBRUARY TERM, 2017 |
| EASYACC.COM, INC. | |
| and | NO. 07699 |
| AMAZON.COM, INC. | |

## MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS OF DEFENDANT, AMAZON.COM, INC., TO PLAINTIFF'S COMPLAINT

### I.  MATTER BEFORE THE COURT

Presently before the Court are the Preliminary Objections of Defendant Amazon.com, Inc. (hereinafter "Amazon") to Plaintiff's Complaint. Amazon requests that Plaintiff's claim for punitive damages be dismissed for lack of sufficient facts alleged to support such an extraordinary category of damages, and that any and all language and/or allegations in the Complaint in support of punitive damages be stricken.

### II.  STATEMENT OF QUESTIONS INVOLVED

Should Plaintiff's claim for punitive damages against Amazon.com, Inc. be dismissed, and any and all language in support of punitive damages be stricken from the Complaint, where Plaintiff has not alleged any facts demonstrating egregious conduct on the part of Amazon?

**Suggested Answer: Yes.**

1

Case ID: 170207699
Control No.: 17034264

III.   **FACTS**

Plaintiff, Julian Bradley, initiated the present lawsuit by filing a Complaint in the Court of Common Pleas of Philadelphia County on or about March 1, 2017. A true and correct copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A." Plaintiff alleges in his Complaint that on or about March 18, 2016, Plaintiff sustained serious bodily injury when a wireless iPhone charger manufactured by Defendant EasyAcc.com, Inc. and sold by Amazon.com, Inc. caught fire in his pant pocket. See Exhibit "A," ¶¶ 8–11.

Plaintiff alleges claims of negligence and strict liability against both defendants. See Exhibit "A." In Count III of Plaintiff's Complaint, Plaintiff alleges a claim for punitive damages against both defendants. See Exhibit "A," ¶¶ 53–62 (Count III). Plaintiff also includes conclusory language throughout the remainder of his Complaint that support a claim for punitive damages, including allegations that Amazon was "reckless," and allegations that Amazon was aware of prior incidents of ignitions and explosion. See Exhibit "A," ¶¶ 5, 12, 19, 24, 26, 27, and 29. However, Plaintiff fails to allege even one specific instance in which the subject iPhone charger caught fire, and does not include any specific supporting factual allegations in his Complaint to substantiate Plaintiff's threadbare claim that Amazon was aware of prior instances. None of the factual allegations in Plaintiff's Complaint rise to the level required for punitive damages, and, apart from boilerplate allegations that Amazon's conduct was "reckless," there are no specific factual allegations of egregious conduct that would support a punitive damages claim against Amazon. In fact, Plaintiff's Complaint is generally devoid of any specific facts other than the purchase of the iPhone charger at issue, the circumstances of the alleged accident, and the nature of Plaintiff's alleged injuries. See generally Exhibit "A."

Absent the factual predicate, Plaintiff's claim for punitive damages against Amazon should be stricken. Therefore, Amazon now objects to Plaintiff's Complaint on the basis that the allegations of the Complaint do not support Plaintiff's claim for punitive relief as a matter of law.

## IV.   ARGUMENT

### A.   Plaintiff's Claim for Punitive Damages Should be Dismissed Pursuant to Pa. R.C.P. 1028(a)(2) Because the Allegations of Plaintiff's Complaint Do Not Support an Award for Punitive Damages

Pennsylvania Rule of Civil Procedure 1028(a)(2) permits preliminary objections for the inclusion of scandalous or impertinent matter. See Pa. R.C.P .1028(a)(2).  An allegation of damages or prayer for damages that is not legally recoverable in the cause of action pled is impertinent matter and considered "irrelevant to that cause of action." Hudock v. Donegal Mut. Ins. Co., 264 A.2d 668, 671 n.2 (Pa. 1970).  Thus, a preliminary objection in the nature of a motion to strike impertinent matter is the proper means to challenge an erroneous category of damages. Id. The Pennsylvania Rules of Civil Procedure also provide that a party may file preliminary objections for "insufficient specificity in a pleading." Pa. R.C.P. 1028(a)(3).

Pennsylvania law is clear that "punitive damages are an 'extreme remedy' available only in the most exceptional matters." Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005). Punitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistakes, or errors of judgment. McDaniel v. Merck, Sharpe & Dohme, 533 A.2d 436, 447 (Pa. Super. 1987); Takes v. Metropolitan Edison Co., 695 A.2d 397, 399 n.4 (Pa. 1997).  Even grossly negligent conduct is not sufficient to support an award of punitive damages. See Martin v. Johns-Manville Corp., 494 A.2d 1088, 1098 (Pa. 1985).  Rather, such extraordinary damages are only appropriate when a defendant's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton, or reckless conduct. See SHV Coal, Inc. v.

Case ID: 170207699
Control No.: 17034264

Cont'l Grain Co., 587 A.2d 702, 704 (Pa. 1991). The clear focus in assessing punitive damages is on the actor's conduct and state of mind: "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." Martin v. Johns-Manville, 494 A.2d 1088, 1097 n.12 (Pa. 1985), reversed on other grounds, 528 A.2d 947 (Pa. 1987) (quoting Feld v. Merriam, 485 A.2d 742 (Pa. 1994)).

In his Complaint, Plaintiff makes conclusory, non-specific allegations against Amazon in an effort to support his claim for punitive damages, including that Amazon acted in a reckless manner, and that Amazon had knowledge of previous instances in which the EasyAcc wireless charger spontaneously caught fire. However, Plaintiff fails to support these broad allegations with specific facts and examples regarding Amazon's alleged "outrageous" or "reckless" behavior, and why the imposition of punitive damages is proper. Plaintiff generally asserts that Amazon had knowledge of prior incidents involving the subject iPhone charger, but sold the iPhone to the public nonetheless. However, Plaintiff does not asserting any requisite foundational facts which would set forth a good faith basis for these allegations in the first instance. See generally Exhibit "A." Without more, Plaintiff has not pled, and likely cannot plead at this point, the punitive damages claim against Amazon, which is at the very least premature. These broad factual allegations alone simply do not establish conduct demonstrating a culpable metal state necessary to prove evil motive or reckless indifference that could support an award of punitive damages against Amazon.

Therefore, as Plaintiff's claim for punitive damages are unsupported by any specific factual allegations, the claim should be deemed impertinent, and this Court should strike Plaintiff's claim for punitive damages against Amazon without prejudice[2] pursuant to

---

[2] Should Plaintiff develop the requisite fact record giving rise to potential punitive relief against Amazon in the future, Plaintiff may motion to amend his Complaint at that time.

Case ID: 170207699
Control No.: 17034264

Pennsylvania Rule of Civil Procedure 1028(a)(2).  Further, the allegations in support of punitive

damages are not sufficiently specific, and should be dismissed pursuant to Rule 1028(a)(3).

## V.   RELIEF

For all the reasons set forth above, Amazon.com, Inc. requests that this Honorable Court

sustain its Preliminary Objections, dismiss Plaintiff's claim for punitive damages, and strike any

and all language in support of punitive damages from Plaintiff's Complaint.


Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

By:    _____

KEITH D. HEINOLD
Attorney for Defendant,
Amazon.com, Inc.

5

## VERIFICATION

Keith D. Heinold, Esquire states that he is the attorney for Amazon.com, Inc.; that he is acquainted with the facts set forth in the foregoing Preliminary Objections to Plaintiff's Complaint, that the same are true and correct based upon information provided to him; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

DATED: 3/29/17

# EXHIBIT "A"

Case ID: 170207699
Control No.: 17034264

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

FEBRUARY 2017                                    007699

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JULIAN BRADLEY | AMAZON.COM, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 319 E. MILL ROAD<br>HATBORO PA 19040 | 410 TERRY AVENUE NORTH<br>SEATTLE WA 98109 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | AMAZON.COM, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | XYZ<br>XYZ PA 19107 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Commerce   ☐ Settlement |
| ☒ More than $50,000.00 | ☒ Jury | ☐ Savings Action | ☐ Minor Court Appeal   ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals   ☐ W/D/Survival |
| | ☐ Other: | | |

CASE TYPE AND CODE

20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br><br>MAR 01 2017<br><br>K. EDWARDS | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JULIAN BRADLEY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| FEEDA R. MUSITIEF | FINE AND STAUD LLP<br>1333 RACE STREET<br>PHILADELPHIA PA 19107 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215) 665-0100 | (215) 665-1393 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 202768 | fmusitief@fineandstaud.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| FEEDA MUSITIEF | Wednesday, March 01, 2017, 10:00 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 170207699
Control No.: 17034264

FINE AND STAUD, LLC
BY: FEEDA R. MUSITIEF, ESQUIRE
Attorney I.D.: 202768
1333 RACE STREET
PHILADELPHIA, PA 19107-1585
215-665-0100
Fmusitief@FineandStaud.com

ATTORNEYS FOR PLAINTIFF

MAJOR JURY



JULIAN BRADLEY
319 E. Mill Road
Hatboro, PA 19040
           Plaintiff,

vs.

EASYACC.COM, INC.

and

AMAZON.COM, INC.
410 Terry Avenue North
Seattle, WA 98109
           Defendants

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM 2017
NO.:

**TRIAL BY JURY DEMANDED**

## NOTICE TO PLEAD

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER

### AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

LEGAL SERVICES TO ELIGIBLE PERSONS AT A
REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral & Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333  TTY# (215) 451-6197

Servicio De Referencia E. Informacion
1101 Market Street, 11th Floor
(215) 238-6333  TTY# (215) 451-6197

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

FINE AND STAUD, LLC                              ATTORNEYS FOR PLAINTIFF
BY: FEEDA R. MUSITIEF, ESQUIRE
Attorney I.D.: 202768
1333 RACE STREET
PHILADELPHIA, PA 19107-1585
215-665-0100                                     MAJOR JURY
Fmusitief@FincandStaud.com

JULIAN BRADLEY                    :    COURT OF COMMON PLEAS
319 E. Mill Road                  :    PHILADELPHIA COUNTY
Hatboro, PA 19040                 :
              Plaintiff,          :
                                  :    _____ TERM 2017
       vs.                        :
EASYACC.COM, INC.                 :    NO.:
                                  :
                                  :    TRIAL BY JURY DEMANDED
       and                        :
AMAZON.COM, INC.                  :
410 Terry Avenue North            :
Seattle, WA 98109                 :
              Defendants          :

## COMPLAINT

Plaintiff, Julian Bradley, by and through his attorneys, Fine and Staud, LLC states he has

multiple causes of action against Defendants, Easyacc.com, Inc and Amazon.com, Inc and in support

thereof avers the following:

### I. PARTIES

1.  Plaintiff, Julian Bradley, is an adult individual and resident of the Commonwealth of Pennsylvania

residing at the above stated address.

2.  Defendant, Easyacc.com, Inc ("EasyAcc"), upon information and belief, is a corporation existing

by virtue of the laws of China/Hong Kong which regularly conducts business in the Commonwealth of

Pennsylvania, with substantial contacts in the Commonwealth of Pennsylvania. After reasonable

investigation, Plaintiff is unaware of a good address for service of the Complaint for Defendant,

EasyAcc.

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

3.  EasyAce is vicariously liable for the negligent and/or reckless acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency. At all material times, Easyace was the manufacturer of EasyAce Ichoc Power Bank 5000 which is an external battery pack charger for Iphone and other smart devices (hereinafter "Charger").

4.  Defendant, Amazon.com, Inc ("Amazon"), upon information and belief, is a corporation and online commerce giant which regularly conducts business in the Commonwealth of Pennsylvania, with substantial contacts in the Commonwealth of Pennsylvania, and with offices at the above stated address.

5.  Amazon is vicariously liable for the negligent acts and/or omissions of its employees, servants, workmen, and/or agents who at all material times were acting or failing to act in the course and scope of their employment, authority, and/or agency.

6.  At all material times, Amazon sold and distributed the Charger.

## II. JURISDICTION AND VENUE

7.  Jurisdiction and Venue are proper in the Court of Common Pleas in Philadelphia County, Commonwealth of Pennsylvania in that Defendants regularly conduct business in Philadelphia and all events relevant to this matter occurred in Philadelphia County, Commonwealth of Pennsylvania.

## III. OPERATIVE FACTS

8.  On or about July 4, 2015, Plaintiff, Julian Bradley's fiancée, Lauren Henriques, purchased for him the Charger to charge his Iphone under order # 115-3206735-0713052 from Amazon.

9.  At all material times, the Charger was wireless.

10.  On or about March 18, 2016, Plaintiff, Julian Bradley, was charging his Iphone and placed his Iphone and the Charger in his right leg Jean's pocket.

11. At all times relevant, while Plaintiff, Julian Bradley, was charging his Iphone using the Charger, the Charger, suddenly and without warning, ignited, exploded and caught fire causing severe and permanent injuries to Plaintiff.

12. The incident and the injuries suffered by Plaintiff were caused solely by the negligence, carelessness, and recklessness of Defendants, Amazon and EasyAcc, jointly and/or severally.

**COUNT I**
**NEGLIGENCE**
**JULIAN BRADLEY v. DEFENDANTS**

13. Plaintiff incorporates all of the proceeding paragraphs of this Complaint as set forth fully at length herein.

14. Defendants did manufacture, sell and/or distribute the charger in question.

15. At all material times, Defendants owned, manufactured, distributed, controlled and/or otherwise caused the charger to be placed into the stream of commerce.

16. At all material times, Defendants were responsible for manufacturing and distributing the charger in a condition suitable and safe for operation by members of the public including Plaintiff.

17. At all material times, the charger was unreasonably dangerous and unsafe for use by the average consumer as it could suddenly ignite, explode, and catch fire posing serious harm to members of the public.

18. Defendants knew or should have known that the charger was capable of igniting, exploding, and catching fire while being used as intended.

19. Upon information and belief, Defendants were aware of prior incidents involving the sudden ignition and explosion of the charger in question but continued to market and distribute the charger.

20. Defendants knew or should have known that the Charger sold to Plaintiff was not reasonably safe.

21. At all times relevant, Defendants failed to warn the public including but not limited to the dangers involved in using this charger.

Case ID: 170207699

Case ID: 170207699

Control No.: 17034264

22. At all material times, the dangers posed to Plaintiff from the Charger were latent and unknown to him.

23. At all material times, the charger and its packaging did not warn that the charger could suddenly ignite, explode and otherwise catch fire.

24. The latent danger was created by the negligence and recklessness of Defendants.

25. At all material times, Defendants failed to warn consumers including Plaintiff of the dangers posed from the charger including but not limited to the fact that it could suddenly ignite, explode and catch fire while being used as intended.

26. Plaintiff's injuries were caused solely by the negligence and recklessness of the Defendants.

27. As a direct and proximate result of Defendants' negligence and recklessness, Plaintiff was caused to suffer severe and permanent injuries as described below.

28. Defendant's negligence consisted of but is not limited to the following:

    a. Failing to warn Plaintiff that the charger was defective;

    b. Failing to warn that the charger could suddenly ignite, explode and catch fire;

    c. Failing to warn that the charger's battery could suddenly ignite, explode and catch fire;

    d. Failing to warn of the latent and hidden danger created from using the charger as intended;

    e. Failing to properly redesign, remanufacture, repair and/or maintain said charger before it was sold or distributed;

    f. Permitting a defective and dangerous charger to be used by Plaintiff;

    g. Failing to eliminate, repair and maintain the aforesaid defective charger;

    h. Allowing and permitting there to exist a dangerous and defective condition after actual and/or constructive notice of said defect;

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

i.  Manufacturing, distributing and selling a charger that they knew or should have known could ignite, explode and catch fire;

j.  Failing to take the charger out of stream of commerce after actual and/or constructive notice of its defective condition;

k.  Failing to warn the Plaintiff and others similarly situated of the aforesaid defective and dangerous condition of the charger;

l.  Allowing and permitting said charger to be and exist in a defective condition;

m.  Failing to maintain the charger in a good state of repair and condition before it was put in the chain of commerce;

n.  Failing to properly and adequately inspect the aforesaid defective charger so as to determine the condition thereof;

o.  Violating applicable laws, codes, and ordinances with respect to the care, maintenance, control and repair of the charger provided to Plaintiff;

p.  Negligent hiring of contractors, employees, workmen, and servants;

q.  Negligent training of contractors, employees, workmen, and servants;

r.  Negligent supervision of contractors, employees, workmen, and servants;

s.  Failing to properly fix the dangerous condition;

t.  Failing to remove the dangerous condition;

u.  Failing to warn of the dangerous condition;

v.  Failing to provide a safe electrical system and/or battery in the charger;

w.  Failing to provide proper materials and component parts when manufacturing the charger;

x.  Failing to design the aforesaid charger in a safe condition;

y.  Creating, manufacturing and distributing the charger that could suddenly ignite, explode, and catch fire while being used as intended;

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

z.    Inadequate design of the charger; and

aa.   Failing to exercise caution and care for the rights and safety of Plaintiff and
others.

29. As a direct and proximate result of the carelessness, negligence and recklessness of Defendants,
jointly, severally, and/or vicariously, Plaintiff, Julian Bradley, sustained serious and permanent bodily
injuries including without limitation, injuries to his muscles, thigh, leg, hand, scars, scarring wounds,
second degree deep burn on upper right thigh, burns and scars on right thigh/leg, left hand burn,
swelling, redness, blisters, muscle pain, and aggravation of pre-existing conditions if any; other ills and
injuries some or all of which injuries may be permanent; Plaintiff was prevented from attending to his
usual duties and activities, has and continues to suffer pain and suffering of mind and body, mental
anguish and distress; in addition, he has suffered and/or will suffer lost wages, a loss of earnings and/or
earning capacity and other economic losses including but not limited to outstanding medical bills and
the need for future medical treatment and care all to his financial detriment.

WHEREFORE, Plaintiff Julian Bradley, hereby requests this Honorable Court to enter judgment
in his favor and against Defendants, Easyaco.com, Inc. and Amazon.com, Inc, jointly and/or severally,
in a sum greater than $50,000.00 plus interest, delay damages, and costs of suit.

### COUNT II
### STRICT LIABILITY
### JULIAN BRADLEY v. DEFENDANTS

30. Plaintiff incorporates all of the proceeding paragraphs of this Complaint as set forth fully at length
herein.

31. The charger was designed, manufactured, developed, distributed, assembled, produced, inspected,
licensed, promoted, packaged, processed, compounded, labeled, specified or recommended, certified,
marketed, sold, or otherwise supplied and placed in the stream of commerce as heretofore set forth by
Defendants in a manner which was not in a good and proper workmanlike fashion, in a defective

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

condition unreasonably dangerous to the ultimate users, consumers, and bystanders, including Plaintiff Julian Bradley.

32. The charger was expected to and did reach the ultimate users, consumers, and bystanders, including Plaintiff, Julian Bradley, without substantial change or alteration and in the same or substantially the same condition as when it was manufactured, sold, labeled, or distributed, while in or as it left the possession and control of Defendants.

33. The aforementioned charger was defective and unsafe when it left the control of Defendants, in that it was not safe for the reasonably foreseeable use which subjected Plaintiff, Julian Bradley, to serious injuries when the aforementioned charger was used in a reasonable and foreseeable manner.

34. The charger was defectively designed and/or manufactured in that it was capable of catching fire and seriously injuring consumers.

35. The charger posed an unreasonable danger to intended users such as Plaintiff due to its defect.

36. The charger was defective and unsafe because it could suddenly ignite, explode and catch fire causing severe and permanent injuries to Plaintiff.

37. Upon information and belief, the charger was defective and unreasonably dangerous as it did not contain all appropriate safety mechanisms and safeguards to prevent the aforesaid harm from occurring.

38. The charger was defectively and negligently manufactured and/or distributed by Defendants causing the product to be unreasonably dangerous and causing the aforementioned harm to occur.

39. The design of the charger poses unreasonable danger to the public.

40. Upon information and belief, the charger contained defective components and warnings causing the product to be unreasonably dangerous and causing the aforementioned harm to occur.

41. The charger that injured Plaintiff was in the same or substantially the same condition at the time it injured Plaintiff as compared to the time it left the control of the Defendants.

42. The charger was being used for its intended purpose at the time it injured Plaintiff.

Case ID: 170207699

43. Upon information and belief, at all material times hereto, the warnings if any accompanying the charger were defective and did not properly inform and warn the public as to the hidden danger created by the charger which included that the charger could suddenly ignite, explode and catch fire;

44. Upon information and belief, the warnings if any, contained on or with the charger, issued by Defendants did not adequately and fully inform the public on the safe use of the product including but not limited to properly use it for its intended purpose.

45. Defendants failed to warn concerning the hazard posed from the ordinary usage of the charger;

46. Due to the defective condition(s) of the product and warnings, a significant danger was permitted to exist which caused the harm suffered by Plaintiff.

47. At all material times, this danger was latent and unknown to Plaintiff but appreciated and known by Defendants.

48. As a direct and proximate result of the aforementioned unsafe and defective condition(s) of the charger, Plaintiff sustained severe and permanent injuries as previously mentioned above.

49. Defendants are strictly liable to the Plaintiff pursuant to 402A of the Restatement (Second) of Torts.

50. The aforementioned charger was not equipped with every element necessary to make it safe for reasonably foreseeable use.

51. Defendants are strictly liable for the injuries Plaintiff suffered as a result of his use of the defective charger, which at all pertinent times was under the exclusive control of the Defendants.

52. As a direct and proximate result of the aforementioned unsafe and defective condition of the charger, Plaintiff, Julian Bradley, sustained the injuries and damages set as aforementioned.

   **WHEREFORE**, Plaintiff, Julian Bradley, hereby requests this Honorable Court to enter judgment in his favor and against Defendants, Easyaco.com, Inc and Amazon.com, Inc, jointly and/or severally, in a sum greater than $50,000.00 plus interest, delay damages, and costs of suit.

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

## COUNT III
## PUNITIVE DAMAGE
## JULIAN BRADLEY v. DEFENDANTS

53. The averments of all preceding paragraphs are incorporated by reference as though fully set forth herein.

54. At all material times, the production and distribution of the charger was substantially below industry standards and done with reckless disregard for the safety of the public including Julian Bradley.

55. Defendants knew and/or recklessly disregarded the fact that the charger Plaintiff was using was highly dangerous and could result in serious injury.

56. Upon information and belief, Defendants were well aware prior to Plaintiff's injury that the charger could suddenly ignite, explode and catch fire.

57. Upon information and belief, other incidents where the charger suddenly ignited, exploded and caught fire have occurred before and after Plaintiff's incident which have caused injury or substantially endangered members of the public but Defendants recklessly, wantonly, and with great deliberate indifference to the well-being of public continued to market and sell the charger without change and without adequate warning to the public.

58. Defendants deliberately and/or recklessly made no effort to warn the public including Plaintiff to the known risks of the charger creating an unreasonable risk of physical harm to Plaintiff and others similarly situated.

59. Defendants' recklessness and reckless disregard consisted of but is not limited to the following:

    a. Failing to warn Plaintiff that the charger was defective;

    b. Selling and distributing a product known to Defendants to suddenly ignite, explode and catch fire;

    c. Concealing that the charger could suddenly ignite, explode and catch fire;

    d. Failing to warn of the latent and hidden danger created from permitting the use of the charger;

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

e. Failing to properly repair and maintain said charger before it was sold/distributed;

f. Permitting a defective and dangerous charger to be used by Plaintiff;

g. Failing to eliminate, repair and maintain the aforesaid defective charger;

h. Marketing and selling a product known to Defendants to cause serious harm or injury;

i. Allowing and permitting there to exist a dangerous and defective condition after actual and/or constructive notice of said defect;

j. Failing to take the charger out of stream of commerce after actual and/or constructive notice of its defective condition;

k. Failing to warn the Plaintiff and others similarly situated of the aforesaid defective and dangerous condition of the charger;

l. Allowing and permitting said charger to be and exist in a defective condition;

m. Failing to maintain the charger in a good state of repair and condition before it was put in the chain of commerce;

n. Failing to properly and adequately inspect the aforesaid defective charger so as to determine the condition thereof;

o. Violating applicable laws, codes, and ordinances with respect to the care, maintenance, control and repair of the charger provided to Plaintiff;

p. Reckless hiring of contractors, employees, workmen, and servants;

q. Reckless training of contractors, employees, workmen, and servants;

r. Reckless supervision of contractors, employees, workmen, and servants;

s. Failing to properly treat the dangerous condition;

t. Failing to remove the dangerous condition;

u. Failing to warn of the dangerous condition; and

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

v.  Failing to exercise caution and care for the rights and safety of Plaintiff and others.

w.  Failing to provide a safe electrical system in the charger;

x.  Failing to provide proper materials and component parts when manufacturing the charger;

y.  Failing to redesign and remanufacture the charger after knowing of the serious danger posed to consumers;

z.  Failing to design the aforesaid charger in a safe condition; and

aa.  Failing to exercise caution and care for the rights and safety of Plaintiff and others.

60. Defendants' actions demonstrate recklessness and reckless disregard to Plaintiff's health and well being.

61. As a direct result of Defendants' recklessness and deliberate indifference, Plaintiff suffered injuries as pled above.

62. Punitive damages are appropriate against Defendants to deter further harmful inaction and/or conduct.

WHEREFORE, Plaintiff, Julian Bradley, demands judgment in his favor and against Defendants, Easyacc.com, Inc and Amazon.com, Inc, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars, ($50,000.00) including compensatory damages, punitive damages, costs of litigation, interest, and delay damages, and all other relief deemed just and appropriate.

Respectfully Submitted,

FINE AND STAUD, LLC

By: _____
Feeda R. Musitief, Esquire
Attorneys for Plaintiff

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

<u>VERIFICATION</u>

I, Julian Bradley, hereby state that I am the Plaintiff in this matter and that the averments contained in the foregoing pleading/discovery are true and correct to the best of my knowledge, information and belief, and further that this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification.

Julian Bradley

Case ID: 170207699

Case ID: 170207699
Control No.: 17034264

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of the foregoing Preliminary Objections to Plaintiff's Complaint, in the above-captioned matter, this date by electronic filing:

_Kelly Castafero_
Kelly J. Castafero
Attorney for Defendant, Amazon.com, Inc.

Date: __3/29/17__

Case ID: 170207699
Control No.: 17034264

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN BRADLEY | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **NO.** |
| EASYACC.COM, INC. | : | |
| and | : | |
| AMAZON.COM, INC. | : | |

### RULE 7.1 DISCLOSURE OF DEFENDANT, AMAZON.COM, INC.

Please check one box:

☒    The nongovernmental corporate party,___Amazon.com, Inc._____,
in the above listed civil action does not have any parent corporation and
publicly held corporation that owns 10% or more of its stock.

☐    The nongovernmental corporate party,_____,
in the above listed civil action has the following parent corporation(s) and
publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____

KEITH D. HEINOLD
Attorney for Defendant,
Amazon.com, Inc.
215-575-2640 (P); 215-575-0856(F)
kdheinold@mdwcg.com

Dated: ___4/6/17___

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIAN BRADLEY                      :        **CIVIL ACTION**
                                    :
          v.                        :
                                    :        **NO.**
EASYACC.COM, INC.                   :
          and                       :
AMAZON.COM, INC.                    :
                                    :

### RULE 7.1 DISCLOSURE OF DEFENDANT, AMAZON.COM, INC.

Please check one box:

☒        The nongovernmental corporate party,___Amazon.com, Inc._____,
         in the above listed civil action does not have any parent corporation and
         publicly held corporation that owns 10% or more of its stock.

☐        The nongovernmental corporate party,_____,
         in the above listed civil action has the following parent corporation(s) and
         publicly held corporation(s) that owns 10% or more of its stock:

                              _____
                              _____
                              _____
                              _____

                              **MARSHALL DENNEHEY WARNER**
                              **COLEMAN & GOGGIN**
                    BY: _____
                              KEITH D. HEINOLD
                              Attorney for Defendant,
                              Amazon.com, Inc.
                              215-575-2640 (P); 215-575-0856(F)
                              kdheinold@mdwcg.com

Dated: ___4/6/17___