**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JULIAN BRADLEY | : | **CIVIL ACTION** |
|  | : |  |
| v. | : |  |
|  | : | **NO. 2:17-cv-01587-MSG** |
| EASYACC.COM, INC. | : |  |
| and | : |  |
| AMAZON.COM, INC. | : |  |

**AMENDED ANSWER WITH AFFIRMATIVE DEFENSES AND CROSS CLAIM**
**OF DEFENDANT, AMAZON.COM, INC. TO PLAINTIFF'S COMPLAINT**

Defendant, Amazon.com, Inc. (hereinafter "Amazon"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby responds to Plaintiff's Complaint and asserts affirmative defenses and cross claim as follows:

## I. PARTIES

1.      Denied.  Amazon is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and hence they are denied.

2.      The averments of paragraph 2 refer to a defendant other than Amazon, and thus no response is required.

3.      The averments of paragraph 3 refer to a defendant other than Amazon, and thus no response is required.

4.      Denied as stated.  It is admitted only that Amazon.com, Inc. is a corporation with a corporate address as noted.

5.      Denied.  The averments in this paragraph contain conclusions of law to which no response is required beyond a general denial.

6.     Denied.  Amazon is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and hence they are denied.

## II. JURISDICTION AND VENUE

7.     Amazon has removed this matter to this Court and admits that jurisdiction is proper here.

## III. OPERATIVE FACTS

8.     Denied.

9.     Denied.

10.     Denied.

11.     Denied.

12.     Denied.

## COUNT I
## NEGLIGENCE
## JULIAN BRADLEY v. DEFENDANTS

13.     Amazon hereby incorporates its responses to paragraphs 1 through 12 above, as though the same were set forth fully at length.

14.     Denied.  Amazon is without sufficient knowledge or information to form  a belief as to the truth of the averments of this paragraph, and hence they are denied.  By way of further response, Amazon does not manufacture EasyAcc chargers.  Upon information and belief, the entity that manufactures EasyAcc chargers is Searay, LLC.

15.     Denied.  Amazon is without sufficient knowledge or information to form  a belief as to the truth of the averments of this paragraph, and hence they are denied.  By way of further response, see response to paragraph 14.

16.     Denied.  Amazon is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and hence they are denied.  By way of further response, see response to paragraph 14.

17.     Denied.

18.     Denied.

19.     Denied

20.     Denied

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.  Amazon denies each and every subparagraph of the corresponding paragraph.

29.     Denied.

WHEREFORE, Amazon.com, Inc. denies all liability and demands judgment in its favor, together with costs.

## COUNT II
## STRICT LIABILITY
## JULIAN BRADLEY v. DEFENDANTS

30.     Amazon hereby incorporates its responses to paragraphs 1 through 29 above, as though the same were set forth fully at length.

31.     Denied.

32.     Denied.  Amazon is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, and hence they are denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.  Amazon is without sufficient knowledge or information to form  a belief as to the truth of the averments of this paragraph, and hence they are denied.

42.     Denied.  Amazon is without sufficient knowledge or information to form  a belief as to the truth of the averments of this paragraph, and hence they are denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.    Denied.

52.    Denied.

WHEREFORE, Amazon.com, Inc. denies all liability and demands judgment in its favor, together with costs.

## COUNT III
## PUNITIVE DAMAGES
## JULIAN BRADLEY v. DEFENDANTS

53.    Amazon hereby incorporates its responses to paragraphs 1 through 52 above, as though the same were set forth fully at length.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.  Amazon denies each and every subparagraph of the corresponding paragraph.

60.    Denied.

61.    Denied.

62.    Denied.

WHEREFORE, Amazon.com, Inc. denies all liability and demands judgment in its favor, together with costs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is bound by the Arbitration Clause contained in the Conditions of Use on Amazon.com to resolve this matter in binding arbitration.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Amazon.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations of Pa.C.S. §7102(a)(1).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, damages and/or losses may be reduced and/or eliminated by Plaintiff's comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Amazon may be barred or eliminated by Plaintiff's assumption of the risk.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered damages and/or losses as alleged in their Complaint, which are denied, they were caused or contributed to by conditions or persons and/or entities over which Amazon had no control and for which Defendant is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

The conduct of persons and/or entities other than Amazon constitutes an intervening, superseding cause, obviating any liability on the part of Amazon, the existence of any such liability being expressly and specifically denied.

## EIGHTH AFFIRMATIVE DEFENSE

If the injuries, damages and/or losses alleged were caused to Plaintiff by a condition of the product in question on the date of the incident, said condition may have been the result of the

misuse, abuse, neglect, and/or substantial alteration, modification and/or change in the product between the time it left the custody, possession and/or control of the manufacturer and the time at which the alleged incident occurred.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be governed by the Restatement (Third) of Torts, and all applicable defenses thereunder are incorporated herein by reference.

## TENTH AFFIRMATIVE DEFENSE

Liability for any delay damages imposed by the Court under Pennsylvania Rule of Civil Procedure 238 should be suspended during the period of time that plaintiff delayed in responding to discovery or otherwise delayed the trial of this matter.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that any person may have failed to preserve valuable evidence to Defendant's prejudice, the claims and causes of action against Amazon may be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

Amazon did not design, manufacture, inspect, test, and/or assemble the subject charger.

## THIRTEENTH AFFIRMATIVE DEFENSE

Amazon was not the "seller" of the subject charger. It is an interactive computer service which facilitates the sale of a product by a third-party seller.

## FOURTEENTH AFFIRMATIVE DEFENSE

The third-party seller of the subject charger decided all content that corresponded with the listing of its product.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any claims that Amazon is liable may be barred and/or pre-empted by the provisions of the Communications Decency Act, 42 U.S.C. § 230 et. seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

The subject charger was reasonably fit, merchantable, and suitable for its intended purpose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The charger in question did not deviate from any applicable design specifications and/or performance standards.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The subject charger complied with all applicable federal safety regulations.

## NINETEENTH AFFIRMATIVE DEFENSE

There was not an unreasonably dangerous or defective condition related to the subject charger.

## TWENTIETH AFFIRMATIVE DEFENSE

The charger in question did not fail to contain adequate warnings or instructions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Amazon under Tincher v. Omega Flex, Inc., 104 A.3d 328 (Pa. 2014), because the product was not "unreasonably dangerous."

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Amazon under Tincher v. Omega Flex, Inc., 104 A.3d 328 (Pa. 2014), under the requirements of the consumer expectation test.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Amazon under <u>Tincher v. Omega Flex, Inc.</u>, 104 A.3d 328 (Pa. 2014), under the requirements of the risk utility test.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

At no time pertinent hereto did Amazon act outrageously, willfully, wantonly, or in reckless disregard of the rights of Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, prejudgment interest, delay damages, costs, or attorney fees.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Commonwealth of Pennsylvania Constitution because the standards of liability for punitive damages in Pennsylvania are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Commonwealth of Pennsylvania Constitution because the Pennsylvania standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Commonwealth of Pennsylvania Constitution because the Pennsylvania post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards afforded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Commonwealth of Pennsylvania Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Commonwealth of Pennsylvania Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution and the corresponding provisions of the Commonwealth of Pennsylvania Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based upon evidence of defendant's respective wealth or financial status would violate the Due Process Clauses of the Fifth and

Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Commonwealth of Pennsylvania Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Commonwealth of Pennsylvania Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case based on conduct that did not harm Plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution and the corresponding provisions of the Commonwealth of Pennsylvania Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Amazon reserves the right to raise additional defenses as this case proceeds to discovery and towards trial.

WHEREFORE, Amazon.com, Inc. requests that this Court enter judgment in its favor together with costs.

### DEFENDANT, AMAZON.COM, INC.'S COMMON LAW CROSS CLAIM AGAINST CO-DEFENDANT, SEARAY LLC (INCORRECTLY IDENTIFIED AS EASYACC.COM, INC.)

1.      For purposes of this Cross Claim only, Amazon.com, Inc. incorporates the allegations of Plaintiff's Complaint against Searay LLC (incorrectly identified as "EasyAcc.com, Inc.").

2.      Upon information and belief, Searay LLC designed, manufactured, and/or distributed the iPhone charger in question and owns the registered trademark for EasyAcc, which is a product line that includes the subject iPhone charger.

3.      If Plaintiff sustained any injuries or damages as alleged, which are denied, then for the purposes of this cross claim only, Amazon.com, Inc. asserts that the cause of those injuries, damages and losses was the negligence, carelessness, lack of due care, strict liability, or any other manner of liability of co-defendant, Searay LLC, any liability on the part of Amazon.com, Inc. being denied.

4.      By virtue of the foregoing, Searay LLC is solely liable to Plaintiff on the underlying causes of action, jointly and severally liable to Plaintiff, or liable over to Amazon.com, Inc. by way of contribution and/or indemnity on Plaintiff's causes of action, any liability on the part of Amazon.com, Inc. being denied.

WHEREFORE, Amazon.com, Inc. requests that this Court enter judgment in its favor together with costs.

### DEFENDANT, AMAZON.COM, INC.'S CONTRACTUAL CROSS CLAIM AGAINST CO-DEFENDANT, SEARAY LLC (INCORRECTLY IDENTIFIED AS EASYACC.COM, INC.)

1.      For purposes of this cross claim only, Amazon.com, Inc. incorporates the allegations of Plaintiff's Complaint against Searay LLC (incorrectly identified as "EasyAcc.com, Inc.").

2.      The applicable Amazon Services Business Solutions Agreement provides:

> **6. Indemnification.** You release and agree to indemnify, defend and hold harmless us (and our officers, directors, employees, and agents) against any claim, loss, damage, settlement, cost, expense or other liability (including, without limitation, attorneys' fees) (each, a "Claim") arising from or related to: (a) your actual or alleged breach of any obligations in this Agreement; (b) any sales

channels owned or operated by you, Your Products (including the offer, sale, fulfillment (except with respect to those of Your Products that are fulfilled using the Fulfillment by Amazon Service, if any), refund, return or adjustments thereof), Your Materials, any actual or alleged infringement of any Intellectual Property Rights by any of the foregoing, and **any personal injury, death or property damages related thereto**; or (c) Your Taxes. You will use counsel reasonably satisfactory to us to defend each indemnified Claim. If at any time we reasonably determine that any indemnified Claim might adversely affect us, we may take control of the defense at our expense. You may not consent to the entry of any judgment or enter into any settlement of a Claim without our prior written consent, which may not be unreasonably withheld (emphasis added).

3.      Plaintiff's claims of personal injury in this matter arise from the purchase of the subject EasyAcc iPhone charger from Amazon.com, and the subsequent fire that was allegedly caused by the EasyAcc product.

4.      Therefore, per the aforementioned contract provisions between Searay LLC and Amazon.com, Inc., Searay LLC owes contractual indemnification and a defense to Amazon.com, Inc. in this matter.

5.      Additionally, Searay LLC is responsible for all costs of defense, including attorneys fees, which Amazon.com, Inc. incurs in the defense of the claims against it in this matter.

WHEREFORE, Amazon.com, Inc. requests that this Court enter judgment in its favor together with costs.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**


By:___*/s/ Keith D. Heinold*_____
        KEITH D. HEINOLD
        Attorney for Defendant,
        Amazon.com, Inc.

13

2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-2640 (P)
215-575-0856 (F)
Kdheinold@mdwcg.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Amended Answer and to

Plaintiff's Complaint with Affirmative Defenses and Cross Claim was served this date via the

court's Electronic Case Filing ( "ECF") System upon Plaintiff and via certified mail upon Searay

LLC at the following addresses:

Feeda R. Musitief, Esquire
1333 Race Street
Philadelphia, PA 19107
*Attorney for Plaintiff*

Service upon Searay LLC (incorrectly identified as EasyAcc.com, Inc.):

Searay LLC c/o Feng Guo,
Registered Agent for INCUSA LLC,
which is Registered Agent for Searay LLC, at:
Dowdy Drive, Suite 101,
San Diego, California 92126

Searay LLC c/o Li Jiang, at:
3483 Stoneham Drive
Duluth, Georgia 30097

By:   */s/ Keith D. Heinold*
KEITH D. HEINOLD
Attorney for Defendant,
Amazon.com, Inc.

2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-2640 (P)
215-575-0856 (F)
Kdheinold@mdwcg.com

**DATED:** June 9, 2017