IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN BRADLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMAZON.COM, INC et al. | : | NO.  17-1587 |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE

UNITED STATES MAGISTRATE JUDGE                                                          April 6, 2023

Presently before the Court is a Motion for Reconsideration of this Court's March 17, 2023 Order granting Amazon's "motion to strike the July 15, 2022 Expert Report of Neil Shirk" and granting Amazon's "letter to the Court requesting the court strike the Supplemental Report of Neil Shirk" (Doc. 224) filed by Plaintiff, Julian Bradley ("Plaintiff" or "Bradley"). Defendant Amazon.com, Inc. ("Defendant" or "Amazon") filed a response in opposition to Bradley's motion. (Doc. 225.)

A motion for reconsideration will be granted only if the party seeking relief establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In his motion for reconsideration, Plaintiff asserts that the Court's preclusion of Neil Shirk ("Shirk") "amounts to manifest injustice" because his original causation expert, Ronald Panunto ("Panunto"), died before he was able to author a rebuttal report. (Doc. 224 at 3.)

1

At the outset, we highlight the fact that Plaintiff failed to alert the Court that Panunto had died until September 9, 2022, where in his response to Amazon's motion to exclude Gary Smullin ("Smullin"), he explained:

> Plaintiff retained Gary T. Smullin, P.E. to provide opinions and testimony about what caused the portable phone charger to spontaneously ignite. Mr. Smullin is a Principal Engineer and an Electrical Engineer and he reviewed photos of the charger as well as the report of the former Ronald J. Panunto, P.E., an expert Plaintiff retained that had performed a full examination of the subject charger's remains but then unfortunately passed away.[1]

(Doc. 196 at 7.) We are now asked to consider whether the Plaintiff has suffered "manifest injustice" under the circumstances here, where, upon the incapacitation and/or death of his first causation expert, Panunto, he retained a second causation expert, Smullin; where that second expert was deemed "qualified" and sufficiently "reliable" under the *Daubert* standard; and where that second expert, in undertaking his own investigation, reviewed Panunto's report and concluded that he was "in agreement with [Panunto's] report as it is consistent with [his] findings." (Doc. 196-1, Plf. Ex. A, Smullin Rep. at 9; Doc. 225-2, Def. Resp. at Ex. B.)

We are confounded by Bradley's assertion that it would be "unfair to punish Plaintiff by excluding his engineering expert, particularly where his original engineer, Panunto, cannot testify because he passed away." (Doc. 224 at 5-6.) Simply put, Plaintiff has not been deprived of an engineering expert. Now, Bradley is asking us to reconsider our decision to strike the report of his third proffered causation expert, Shirk, who was untimely disclosed. Bradley retained Shirk to author a "rebuttal" report which improperly offered new theories of defect and causation. He failed

---

[1] Bradley did not raise Panunto's death as an issue to the Court until this motion. Notably, at any point after Panunto's death, Bradley could have communicated with the Court about any hardship he was facing in the wake of his expert's passing. He failed to do so. Email correspondences between counsel show that Plaintiff's counsel knew that, as of May 26, 2022, Panunto had been "incapacitated" for over a year. (Doc. 225-2, Def. Resp., at Ex. B.)

to show that his failure to disclose Shirk was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Accordingly, we stand by our decision to strike Shirk's report. (*See* Doc. 221.) Plaintiff has not demonstrated "manifest injustice" sufficient to merit granting relief here. As such, Bradley's Motion for Reconsideration of our Mach 17, 2023 Order granting Amazon's motions to strike (Doc. 224) is **DENIED**. An appropriate Order follows.