IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN BRADLEY | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| AMAZON.COM, INC et al. | : | NO.  17-1587 |
| | : | |

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                      April 6, 2023

     Presently before the Court is a Motion for Partial Summary Judgment (Doc. 187, "MSJ")
filed by Plaintiff, Julian Bradley ("Plaintiff" or "Bradley"). Bradley also filed an accompanying
statement of undisputed material facts. (Doc. 188, "Pl.'s. Facts.") Defendant Amazon.com, Inc.
("Defendant" or "Amazon") filed a response in opposition to Bradley's motion (Doc. 204, "Def.
Resp."), along with its own statement of undisputed facts. (Doc. 204-2, "Def.'s Facts.") For the
reasons that follow, Bradley's MSJ is **DENIED**.

## I.    BACKGROUND

    This case arises from Plaintiff's allegation that he was injured by a wireless phone charger
("Charger") sold through Amazon's website. Bradley seeks damages for the harm he suffered from
Amazon and Searay LLC ("Searay" or "EasyAcc") (collectively "Defendants") due to the
Charger's alleged malfunctioning.[1]

---

[1] Bradley named two defendants in his complaint: Easyacc.com, Inc. and Amazon.com,
Inc. (Doc. 1, Ex. A, Compl., at 52-53.) In July 2017, the parties jointly stipulated to amend the
case caption from "Defendant Easyacc.com, INC" to "Searay LLC d/b/a Easyacc.com, INC."
(Doc. 17.)  We note that Searay did not submit any arguments in support of or in opposition to
any of Amazon's motions.

The facts giving rise to this case are of significant dispute between the parties. On or about July 4, 2015, Bradley's fiancée purchased the Charger from Amazon's online marketplace.[2] (Doc. 1, Ex. A, Compl., at ¶ 8.) On March 18, 2016, Bradley was using the Charger to charge his iPhone when "suddenly and without warning, [it] ignited, exploded and caught fire."[3] (*Id*. at ¶¶ 10, 11.) At the time Bradley was charging his phone, the Charger was in the right-side pocket of his pants. (*Id*. at ¶ 10.) The incident caused Bradley "severe and permanent" injuries. (*Id*. at ¶ 11.)

The parties have each proffered several experts who provide opinions on causation and damages. Critically, the parties' causation experts offer competing explanations of the cause of the Charger's alleged malfunction. Bradley's causation expert, Gary Smullin ("Smullin"), attributes the Charger's malfunction to the electrical circuitry of the Charger. Amazon's causation expert, Kevin White ("White") attributes the cause of the incident to mechanical abuse.[4] Plaintiff has filed this MSJ on Count II of his complaint, where he presents three different theories of strict liability: (1) design defect; (2) manufacturing defect; and (3) failure to warn.[5] (*Id*. at ¶¶ 31-52.)

## II.    LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is

---

[2] The Charger was manufactured by non-party Shenzhen Hello Tech Energy Co., Ltd. (Doc. 165, Def.'s Ans. to Plf's Compl., at ¶ 3.) Searay sold the Charger on its Amazon.com store. (*Id*. at ¶ 15;  Doc. 1, Ex. A,  Compl., at ¶ 3, ¶ 6.)

[3] In contradiction with his complaint, in his briefing for this motion, Bradley states that the incident took place on July 4, 2015. (Pl.'s Facts at ¶1.) Defendant points out this discrepancy and denies that the incident took place on July 4, 2015 and instead occurred, as Bradley alleged in his complaint, on March 18, 2016. (Def.'s Facts at ¶ 1.)

[4] For an overview of  Smullin's and White's competing theories on how the incident was caused, *see* our *Daubert* memorandum opinion. (Doc. 221.)

[5] Bradley does not seek summary judgment on the remaining two causes of action plead in his complaint: Count I (Negligence) and Count III (Punitive Damages).

"material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" when "a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of [its] burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citations omitted). The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the moving party bears its burden, "the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In so doing, the non-moving party must provide more than "[u]nsupported assertions, conclusory allegations, or mere suspicions" to overcome a motion for summary judgment. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010). Instead, the non-moving party must present particular facts and "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. Accordingly, "the moving party may meet its burden by showing that the nonmoving party has failed to produce evidence sufficient to establish the existence of an element essential to its case." *Alvord–Polk, Inc. v. Schumacher & Co.*, 37 F.3d 996, 1000 (3d Cir. 1994).

### III.    DISCUSSION

Under Pennsylvania products liability law, a plaintiff can recover when their injury is caused by a product in "a defective condition unreasonably dangerous to the user or consumer." *Phillips v. A-Best Prod. Co.*, 542 Pa. 124, 131 (1995) (citing Restatement (Second) of Torts, § 402A (1965)).  Three varieties of defective conditions can give rise to a strict liability claim: (1) a

defective design, (2) a defective manufacture, and (3) defective warnings. *Phillips,* 542 Pa. at 131; *see also Mains v. Sherwin-Williams Co.,* 2022 WL 16857007, *5-*6 (E.D. Pa. Nov. 10, 2022). For a plaintiff to prevail, they "must prove that (1) the product is defective, (2) the defect existed when it left the defendant's hands, and (3) the defect caused the plaintiff's injury." *Hadar v. AVCO Corp.*, 886 A.2d 225, 228 (Pa. Super. 2005) (relied on by *Reott v. Asia Trend, Inc.,* 618 Pa. 228, 234 (2012). Bradley alleges that the Charger was subject to all three varieties of defect and now seeks summary judgment on all three.

### A. Design Defect and Manufacturing Defect

Bradley argues that we should grant summary judgment as to his claims of design defect and/or manufacturing defect given that the "Charger ignited within eight (8) months of use, which is not a prolonged period of time considering the time the Charger should have been used and there is no evidence of abnormal use of the Charger," and his experts were able to "exclude secondary sources of the fire." (MSJ at 7.) In response Amazon contends that Plaintiff has "no legal authority to support his position" and that there are disputed material facts which preclude the grant of summary judgment on the design and manufacturing defect claims. (Def. Resp. at 2-4.) We agree.

The parties accept that a thermal runaway event occurred in the Charger, causing it to catch fire, but they do not agree on what *initiated* the thermal runaway. (emphasis added.) In our memorandum opinion addressing the parties' *Daubert* motions, the opinions of both Bradley's causation expert, Smullin, and Amazon's causation expert, White, survived *Daubert* challenges; we found that both experts were sufficiently qualified and that their opinions were adequately reliable. (*See* Doc. 221.) Smullin opines that the thermal runaway was caused by a defect in the Charger's circuitry. (Plf.'s Facts at ¶¶ 16, 17.) In contrast, White asserts that all potential causes of the thermal runaway can be eliminated except mechanical abuse, which would support a finding

4

that the Charger was not defective when it was purchased but was instead acted upon by a force after it was sold. (Def.'s Facts at ¶¶ 9-14.) In short, the proffered experts offer conflicting theories on what initiated the thermal runaway, with Plaintiff's theory supporting a finding that the Charger had design and/or manufacturing defect and Defendant's theory supporting a finding that no such defect(s) existed.

We decline to grant summary judgment here, as there are clearly material facts in dispute. We are reminded that a fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. There is no question that what caused the thermal runaway to occur would be outcome determinative in discerning whether the Charger had a design and/or manufacturing defect. There is also no dispute that Plaintiff and Defendant offer two competing explanations as to what caused the thermal runaway to occur, both supported by expert testimony. Seeing as the competing theories of causation would provide "a reasonable trier of fact, viewing all of the record evidence," a rational basis upon which to "find in favor of the non-moving party" the factual dispute is genuine. *Doe*, 480 F.3d at 256 (internal citations omitted). In that there is a genuine issue of material fact, we are unable to grant Plaintiff's MSJ. It is well established that "[a] factual disagreement between experts is a matter for the jury to resolve." *Hartle v. FirstEnergy Generation Corp.,* 2014 WL 1317702, at *7 (W.D.Pa. Mar. 31, 2014) (relying on *Lansford–Coaldale Joint Water Auth. v. Tonolli Corp.,* 4 F.3d 1209, 1216 (3d Cir. 1993). Whether the Charger was defective is a question to be answered by a jury, not by the Court at the summary judgment stage.[6]

---

[6] Bradley relies on *Del Baggio v. Maytag Corp.,* 660 F. Supp. 2d 626 (W.D. Pa. 2009) to prove that he has provided "sufficient evidence of a malfunction" such that we should grant summary judgment in his favor. (MSJ at 6.) We are not persuaded by Bradley's interpretation of *Del Baggio.* In that products liability case, the District Court for the Western District of Pennsylvania denied the defendant's motion for summary judgment because the plaintiff presented sufficient evidence

### B.  Failure to Warn

Bradley argues we should grant summary judgment as to his failure to warn claim because Defendants "fail[ed] to have an instruction that the Charger could spontaneously ignite if the cellphone or Charger itself were damaged to a certain degree"[7] and such a warning would have "proximately prevented Plaintiff's injuries." (MSJ at 8.) In response, Amazon contends that this argument fails in that Plaintiff provides "no admissible evidence that warnings were insufficient" and he fails to demonstrate that a warning's "absence or insufficiency caused the incident." (Def. Resp. at 5.)  We agree.

For a plaintiff to demonstrate that a warning is absent or insufficient, they must prove that "the lack of warning rendered the product unreasonably dangerous and that it was the proximate cause of the injury." *Barton v. Lowe's Home Centers, Inc.*, 124 A.3d 349, 355 (Pa. Super. 2015) (internal

---

such that a jury could find that the product, a three-and-a-half-year-old oven range, could have been defective when sold. *Del Baggio*, 660 F. Supp. 2d at 634. Bradley seems to believe the court's decision in *Del Baggio* supports his argument for granting his MSJ. The opposite is true.

Here, like in *Del Baggio*, there are two competing theories as to why an incident occurred, both supported by expert testimony, and as such, "[w]hether that evidence is sufficient to establish Defendant's liability in this case is a question of fact to be resolved by the trier of fact." *Id.* at 635. Plaintiff is asking us to do what we explicitly cannot and will not do: make credibility determinations at the summary judgment stage. *See id.* at 635 (relying on *Big Apple BMW, Inc. v. BMW of North America, Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992)).

[7] We note that, confusingly and in direct opposition to his argument put forth in support of his design and manufacturing defect claims, Plaintiff seems to concede that the Charger and/or Bradley's cell phone was "*damaged to a certain degree*" at the time of the incident. (MSJ at 8.) This concession is critical in that in his MSJ, Bradley is alleging that the instructions are insufficient because they fail to warn the end user of the dangers associated with using the Charger *when it is damaged*, not when it is in an undamaged stage. Plaintiff's expert, Smullin, concluded that the Charger's instructions were insufficient because they failed to "warn[] the user of the propensity of its battery packs to malfunction and self-ignite," but he does not mention a damaged Charger and/or phone being the prerequisite for such an outcome to occur. (Plf.'s Facts at ¶ 21.) This inconsistency only supports that there are material facts in dispute, not making Plaintiff's strict liability claims appropriate for resolution at the summary judgment stage.

citation omitted).  The absence of either element is fatal to a plaintiff's claim. *Staymates v. ITT Holub Indus., a Div. of Int'l Tel. & Tel. Corp.*, 527 A.2d 140, 147 (Pa. Super. 1987).

We, again, decline to grant summary judgment here, as Plaintiff has failed to meet his burden. First, as a threshold matter, we acknowledge that Plaintiff does have admissible evidence regarding the sufficiency of warnings, given that we qualified Smullin as an expert on electrical circuitry and related warnings. (*See* Doc. 221.) However, Smullin's opinion on the sufficiency of the Charger's warnings could only prove to be outcome determinative if it is first found that the electrical circuitry in the Charger caused the alleged malfunction, as Smullin (1) is only qualified to speak to instructions related to electrical circuitry and (2) he attributes the cause of the Charger's alleged malfunction to electrical circuitry. The cause of the alleged malfunction is disputed. Further, Plaintiff has not cited to any caselaw which would support a conclusion that the Charger's warnings were insufficient as a matter of law. Accordingly, given the parties' differing opinions over whether the warning that came with the Charger rendered it "unreasonably dangerous," the first element is not satisfied.

Further, Plaintiff has not presented any facts to support that the Charger's instruction was the proximate cause of his injury. He has not shown that an alternative warning or instruction would have prevented the incident from occurring. Bradley has not highlighted any evidence that he would have used the Charger in a different manner if different instructions were provided, such to prevent the Charger's alleged malfunction. In fact, he has not presented any evidence that he read the instructions that were provided with the Charger. Bradley merely asserts, with no supporting citation to the factual record, that alterative or more comprehensive instructions "would have proximately prevented Plaintiff's injuries." (MSJ at 8.) Bradley fails to demonstrate that he would have avoided the alleged risk the Charger posed, had he been warned. Therefore, we are unwilling

to grant summary judgment as to Plaintiff's failure to warn claim.

## IV.   CONCLUSION

Our examination of the parties' submissions reveals that the evidence produced by Bradley is insufficient to allow a reasonable jury to find that he is entitled to summary judgment on his design defect, manufacturing defect, and failure to warn claims. Even when viewed in the light most favorable to Bradley, the evidence supports a finding that there exist disputes of material fact, namely, whether the Charger was subject to a manufacturing and/or design defect and whether the warnings accompanying the Charger were sufficient. As such, Bradley's partial MSJ as to Count II – Strict Liability is **DENIED**.[8] An appropriate Order follows.

---

[8] We recognize that Searay has not responded to Bradley's MSJ. Amazon filed its response on its own behalf. Bradley did not provide the Court with his position as to Searay's failure to respond. The facts with which Amazon has come forward also preclude the entry of judgment against Searay, as Plaintiff proceeds against both Defendants under the same theories of liability. As such, Plaintiff's MSJ is **DENIED** as to Searay.