IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN BRADLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMAZON.COM, INC et al. | : | NO. 17-1587 |
| | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                             July 12, 2023

Presently before the Court is a Motion for Partial Summary Judgment (Doc. 192, "MSJ") filed by Defendant Amazon.com, Inc. ("Defendant" or "Amazon"). Plaintiff, Julian Bradley ("Bradley"), filed a response in opposition to Amazon's motion (Doc. 199, "Pl. Resp.") and a counter-statement of undisputed material facts (Doc. 200, "Pl. Facts"), to which Amazon replied (Doc. 210, "Def. Reply"). For the reasons that follow, Amazon's MSJ **is GRANTED IN PART and DENIED IN PART.**

I.   BACKGROUND

This case arises out of Bradley's allegation that he was injured by a wireless phone charger ("Charger" or "Device") sold through Amazon's website.[1] Bradley seeks damages for the harm he suffered from Amazon and Searay LLC ("Searay" or "EasyAcc") (collectively "Defendants")[2]

---

[1] We refer to the product giving rise to this litigation, the Powerbank ICHOC-5000, primarily as the "Charger," and sometimes as the "Device." It is a portable consumer product, designed to allow a user to charge his/her cell phone without the need for an electrical outlet. The Charger is powered by a rechargeable lithium-ion battery and connects to a cell phone's charging cable via a USB port.

[2] Bradley named two defendants in his complaint: Easyacc.com, Inc. and Amazon.com, Inc. (Doc. 1, Ex. A, Compl., at ¶¶ 2-6) [hereinafter Complaint]. In July 2017, the parties jointly stipulated to amend the case caption from "Defendant Easyacc.com, INC" to "Searay LLC d/b/a

when the Charger "ignited, exploded, and caught fire" in his pant pocket. (Complaint at ¶ 11.)

We now discuss the events giving rise to the Complaint. The following facts are undisputed, unless otherwise noted. On or about July 4, 2015, Bradley's fiancée purchased the Charger from Amazon's online marketplace. (*Id.* at ¶8.) It was manufactured by non-party Shenzhen Hello Tech Energy Co., Ltd. and sold by Searay on its Amazon.com store. (Doc. 165, Def.'s Ans. to Complaint at ¶¶ 3, 15; Complaint at ¶¶ 3, 6.)

As of the date of purchase of the Charger, Amazon had received no reports of any safety related incidents. (MSJ at 11.) In December 2015, however, five months after Bradley's fiancée purchased the Charger, a customer reported to Amazon a "safety-related incident" concerning the Device. (*Id*. at 12.) That customer reported finding that it was covered in an "oily residue" and that a portion of its outer casing had melted. (*Id*.) As per its policies and procedures, Amazon removed the Charger from its website and subsequently required Searay to provide documentation about the Charger's compliance with relevant safety standards. (*Id*.) Searay did so, and Amazon reinstated the product on its website approximately ten days after the safety incident was reported. (*Id*.) On March 18, 2016, Bradley was charging his iPhone with the Charger, and while in the pocket of his pants, the Device suddenly caught fire. (Complaint at ¶11.) Bradley sustained injuries as a result of this ignition. (*Id*.)

Bradley filed suit in the Philadelphia Court of Common Pleas on March 1, 2017, claiming negligence, strict liability, and punitive damages against Amazon and Searay. Amazon timely removed the case to this Court on April 7, 2017. Since then, the parties have engaged in extensive discovery and have proffered several experts who provided opinions on causation and damages.

---

Easyacc.com, INC." (Doc. 17.) We refer to this entity as Searay.  We note that Searay did not submit any arguments in support of or in opposition to Amazon's motion.

*Daubert* motions were filed and resolved in a separate opinion. As addressed in that opinion, we found that the proffered experts were largely qualified. (*See* Doc. 221.) Critically, the parties' causation experts offer competing explanations as to what caused the Charger's malfunction. Bradley's causation expert, Gary Smullin ("Smullin"), attributed it to the electrical circuitry of the Charger. Amazon's causation expert, Kevin White ("White"), attributed it to mechanical abuse. With both parties relying upon their proffered experts, the question of what caused the Charger to ignite remains open for resolution by the fact finder.

Both parties have moved for partial summary judgment. Bradley sought summary judgment on Count II, where he presented three different theories of strict liability: (1) design defect; (2) manufacturing defect; and (3) failure to warn. (Doc. 187.) In a separate memorandum opinion, we denied this motion, which dealt with Count II in its entirety, citing disputes of material fact as to the cause of the Charger's malfunction. (*See* Doc. 228.) Here, Amazon's motion for partial summary judgment implicates three distinct aspects of Bradley's complaint across the three counts pled in the complaint: (1) failure to warn, which is relevant to Count I (Negligence) and Count II (Strict Liability); (2) failure to recall, which implicates Count I (Negligence); and (3) punitive damages, which pertains to Count III in its entirety. We discuss each in turn.

II.   **LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact." Fed.R.Civ.P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" when "a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of [its] burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citations omitted). The moving party bears the initial burden of showing

that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the moving party satisfies its burden, "the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In so doing, the non-moving party must provide more than "[u]nsupported assertions, conclusory allegations, or mere suspicions" to overcome a motion for summary judgment. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010). Instead, the non-moving party must present particular facts and "affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. Accordingly, "the moving party may meet its burden by showing that the nonmoving party has failed to produce evidence sufficient to establish the existence of an element essential to its case." *Alvord–Polk, Inc. v. Schumacher & Co.*, 37 F.3d 996, 1000 (3d Cir. 1994).

### III. DISCUSSION

Before we discuss the merits of Amazon's MSJ, we begin by acknowledging the state of strict products liability law in Pennsylvania generally. Pennsylvania has adopted § 402A of the Restatement (Second) of Torts (Am. L. Inst. 1965).[3] *See Webb v. Zern*, 422 Pa. 424, 427 (1966)

---

[3] § 402A of the Restatement (Second) of Torts states that:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if
>     (a) the seller is engaged in the business of selling such a product, and
>     (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
> (2) The rule stated in Subsection (1) applies although

(adopting § 402A as Pennsylvania law). The question of whether an "e-commerce business" such as Amazon is considered a "seller" under § 402A is an open one. *Oberdorf v. Amazon.com Inc.*, 818 F. App'x 138, 140-141 (3d Cir.) (en banc), *certified question accepted,* 661 Pa. 535 (2020). Sitting en banc, the Third Circuit concluded that "[t]his is an issue of first impression and substantial public importance, yet we cannot discern if and how § 402A applies to Amazon," and certified the following question to the Pennsylvania Supreme Court:

> Under Pennsylvania law, is an e-commerce business, like Amazon, strictly liable for a defective product that was purchased on its platform from a third-party vendor, which product was neither possessed nor owned by the e-commerce business?

*Oberdorf,* 818 F. App'x at 143. The Pennsylvania Supreme Court accepted certification. However, several months later, the parties jointly stipulated to dismissal of their case, rendering the question moot, and for our purposes, unanswered. *See* Joint Stipulation, *Oberdorf v. Amazon.com Inc.*, No. 18-1041, (3d. Cir. September 23, 2020), ECF Doc. 193.

We recognize that, absent authority from the Pennsylvania Supreme Court, the federal trial court is left to predict how the Commonwealth's highest court would interpret § 402A.[4] In this opinion, however, due to the claims upon which Amazon seeks summary judgment, we are able to sidestep the question of whether or not Amazon is a "seller" under § 402A. Amazon chose to not seek summary judgment on this question. We need not deal with it at this time.

---

(a) the seller has exercised all possible care in the preparation and sale of his product, and
(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

[4] *See Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 45-46 (2009) ("In the absence of a controlling decision by the Pennsylvania Supreme Court, a federal court applying that state's substantive law must predict how Pennsylvania's highest court would decide this case.").

### A. Failure to Warn

We begin our discussion of Amazon's motion for summary judgment with Bradley's failure to warn claims, premised upon theories of liability under both strict products liability and common law negligence.[5] As we set forth below, we deny the MSJ as to Count II (Strict Liability) and we grant the MSJ as to Count I (Negligence).

#### 1. Strict Liability Count

First, Amazon contends that summary judgment should be granted on the failure to warn claim premised on strict liability. It argues that expert testimony is necessary to establish that a product's lack of warning renders it defective. Amazon asserts, however, that although Bradley has proffered two experts to opine on the sufficiency of the Charger's warnings, their testimony is inadmissible because they are unqualified and their opinions are unreliable. Therefore, according to Amazon, because Plaintiff has no admissible expert testimony, summary judgment must be granted. (MSJ at 16-17.)

Bradley responds that: (1) his experts show that the instructions given were misleading and that they failed to "warn[] about the charger's propensity to self-ignite"; (2) no expert testimony is needed for a failure to warn claim; and/or (3) Amazon's expert notes that this incident could have arisen from mechanical abuse, and there was no warning given as to the danger of spontaneous ignition from mechanical abuse. (Pl. Resp. at 6-9.)

A plaintiff can recover in strict liability when his injury is caused by a product in "a defective condition unreasonably dangerous to the user or consumer." *Phillips v. A-Best Prod. Co.*, 542 Pa. 124, 131 (1995) (citing Restatement (Second) of Torts, § 402A). For a plaintiff to demonstrate that

---

[5] *See* Complaint at ¶¶ 40, 43-46; ¶¶ 28(a)-(e), (k), and (u).

a warning is absent or insufficient, they must prove that "the lack of warning rendered the product unreasonably dangerous and that it was the proximate cause of the injury." *Barton v. Lowe's Home Centers, Inc.*, 124 A.3d 349, 355 (Pa. Super. 2015) (internal citation omitted).

We need not address the merits of Plaintiff's response on this point.[6] We note that at the *Daubert* stage, we rejected Amazon's argument seeking to exclude Bradley's causation expert Gary Smullin ("Smullin"). We held that Smullin was qualified to opine on the cause of the Charger's ignition and the sufficiency of the Charger's warnings as they relate to his theory of causation. (Doc. 221.) Insofar as Bradley has admissible expert testimony on the sufficiency of the Charger's warnings, at least as it relates to Smullin's theory as to what caused the Charger to ignite, summary judgment in favor of Amazon on Count II (Strict Liability), as to the failure to warn claim, is denied.

2. **Negligence Count**

Amazon next contends that Bradley's claim for failure to warn under a negligence theory fails for the same reasons as the strict liability theory. Defendant asserts it also fails for lack of evidence of breach of any duty to warn. Amazon argues that (1) it was not the manufacturer or seller of the charger and had no role in developing the product's warnings, and (2) at the time of the sale of the Charger, Amazon had not received any reports of safety concerns. (MSJ at 18.) In response, Bradley argues that he has admissible expert testimony on warnings, and that the warnings that accompanied the Charger were insufficient. (Pl. Resp. at 8.) Plaintiff makes no legal argument as to the existence of any duty, or the scope of any such duty, for Amazon to warn.

---

[6] As Amazon is *not* seeking summary judgment on the other two claims underlying the strict liability count, the claims of design defect and manufacturing defect, we need not examine them at this time.

7

To prevail under a common law negligence theory of liability in Pennsylvania, "'the plaintiff must prove, not only that the product was defective and that the defect caused his[/her] injury, but in addition, [the plaintiff must prove] that in manufacturing or supplying the product the defendant failed to exercise due care.'" *Oddi v. Ford Motor Co.*, 234 F.3d 136, 144 (3d Cir. 2000) (quoting *Dambacher v. Mallis*, 485 A.2d 408, 424 (Pa. Super. 1984)).

The facts adduced during discovery do not support a finding that Amazon failed to act with due care. It is an undisputed fact that Amazon did not manufacture the Charger. (Doc. 165, Def.'s Ans. to Complaint at ¶ 3.) It is also undisputed that it had received no complaints about the Charger at the time it was sold to Bradley's fiancée. (MSJ at 11.) Amazon did not breach any duty to warn Plaintiff of this danger, because the harm Bradley experienced was not reasonably foreseeable to Amazon at the time of the sale. At the time of sale, Amazon lacked knowledge of any safety incident(s) related to the Charger, and accordingly, any duty it *may* have had was extinguished. Accordingly, summary judgment on Count I (Negligence), as to the failure to warn claim, is granted.[7]

### B. Failure to Recall

Next, Amazon moves for summary judgment on Plaintiff's failure to recall claim.[8] Notably, the parties focus on different theories in their briefing on this point. Bradley argues Amazon should have recalled the Charger *before* his fiancée's purchase. Defendant seeks

---

[7] We acknowledge that in *Oddi,* the defendant was "a manufacturer," whereas here, it is undisputed that Amazon did not manufacture the Charger. 234 F.3d at 144. Whether the Third Circuit's holding in *Oddi* applies to Amazon is not something we need address to resolve the MSJ. Any duty that Amazon *may* have had was extinguished at the time of sale because it lacked knowledge of any danger associated with the Charger.

[8] *See* Complaint at ¶ 28(j) (describing negligence in Defendants' "[f]ailing to take the charger out of stream of commerce after actual and/or constructive notice of its defective condition").

summary judgment on the issue of whether it breached a duty to recall the product at the time it facilitated the sale and argues further that Pennsylvania courts have not recognized a duty to recall a product post-sale. (MSJ at 18.)

Amazon also argues that even if a duty existed, on these facts, Plaintiff's claim would fail. Amazon states it had no knowledge of any potential defect of this nature associated with the Charger until *after* Plaintiff suffered his injury. Defendant was not aware of any safety incidents related to the Charger at the time it was purchased from Amazon's website. Further, Amazon points out that, before and at the time of sale, there had been no recall by: (1) the manufacturer, Shenzhen Hello Tech Energy Co., Ltd; (2) the seller, Searay; or (3) the Consumer Product Safety commission. (MSJ at 19.)

In response to Amazon's summary judgment motion, Plaintiff made what appears to be an admission that no duty to recall a product exists under Pennsylvania law. He recounted the issue raised by Amazon and then pivoted to another theory of liability:

> Defendant, Amazon.com, Inc., moves to dismiss claims of Defendant(s) having failed to recall the charger, and having failed to post-sale retrofit the charger, *and Pennsylvania law would support Defendant's arguments*; however, Pennsylvania law does not support Defendant(s) arguments to dismiss claims of Defendant(s) post-sale failure to warn. See Boyer v. Case Corp., 1998 WL 205695 at *2 (E.D. Pa., April 8, 1998) and Walton v. Avco Corp., 530 Pa. 568, 610 A.2d 454 (Pa. 1992).

(Pl. Resp. at 9) (emphasis added). Plaintiff's response then proceeded to bolster the claim that Amazon violated a duty to warn, post-sale—which is a different matter than the question of its legal duty to *recall* a product.[9] In its reply, Amazon noted the differences in these theories, as well

---

[9] Amazon does *not* seek summary judgment on the question of whether it breached a duty to *warn* about this product after it facilitated the sale. (*See* Def. Reply at 6 n.7) (noting that Amazon had *not* argued that Pennsylvania law precludes a failure to warn post-sale claim). This would have been a closer question.

as Plaintiff's admission that a breach of duty to recall claim was not viable. (Def. Reply at 5-6.)

We agree with Amazon that "Pennsylvania does not recognize a duty to recall and retrofit." *Boyer v. Case Corp.,* 1998 WL 205695, *2 (E.D. Pa. Apr. 28, 1998) (citing cases). Indeed, even Plaintiff concedes that there exists no duty to recall in Pennsylvania that Amazon could have breached. Therefore, summary judgment in favor of Amazon is granted as to Plaintiff's claim for failure to recall.[10]

### C. Punitive Damages

Finally, Amazon moves for summary judgment on Plaintiff's punitive damages claim.[11] Amazon appeals to the Court's gatekeeping function to keep unsupported punitive damages claims from the jury. It relies upon the undisputed fact that Amazon had no knowledge of any safety issues involving the Charger before Bradley's fiancée purchased the Device in July 2015. (MSJ at 20-21.) It is also undisputed that Amazon received only one report of a potential safety incident related to the Charger after the sale but *before* Plaintiff's accident; that Amazon promptly removed the product while investigating; and that Amazon did not reinstate the product until it received compliance documentation from the seller, Searay. (MSJ at 21-22.)

Plaintiff argues that Amazon was reckless when it "sold, marketed, and profited from the sale of" a Charger designed to "travel on the consumer's person" with "known propensity to self-ignite," and it took no action to remedy or warn when it had information.[12] (Pl. Resp. at 10-11.)

---

[10] In its MSJ, Amazon asserts that whether the failure to recall claim "sounds in strict liability or negligence," it fails as a matter of law. (MSJ at 18.) Our reading of the complaint is such that we see a claim for failure to recall pled under Count I (Negligence) only, and not under Count II (Strict Liability). *See* Complaint at ¶ 28(j).

[11] *See* Complaint at ¶¶ 53-62.

[12] Plaintiff points to two separate incidents where other models of chargers sold by Searay were reported to Amazon as safety concerns. Both incidents occurred *after* Bradley's incident and involved different model chargers, not the specific Charger at issue here.

10

Bradley asserts, with no further specificity, that Amazon maintains an understaffed and underqualified group to investigate "such occurrences," and that it ultimately placed "profits above public safety." (Pl. Resp. at 11.) In its reply, Amazon disputes these purported facts as not being supported in the record. It also asserts that Plaintiff's allegations do not rise to the level of intent to harm or conscious disregard for safety, as is required for punitive damages.

To recover punitive damages under Pennsylvania law, a plaintiff is required to show that the defendant's conduct was "malicious, wanton, willful, oppressive, or exhibited reckless indifference to rights of others." *Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639 (Pa. Super. 1997). The behavior must have been so "outrageous" as to evince an "evil motive." *See* Restatement (Second) of Torts § 908; *see also Feld v. Merriam*, 506 Pa. 383, 395 (1984) (relying on *Chambers v. Montgomery*, 411 Pa. 339, 344 (1963)).

We are persuaded by Amazon's argument. Discovery has not adduced facts supporting Plaintiff's allegations of egregious conduct. It is undisputed that at the time of sale, Amazon had not received reports of safety issues related to the Charger. Amazon had received one report of a safety incident after Bradley's fiancée purchased the Charger, and upon receiving it, Amazon removed the Charger from its website. It subsequently required Searay to provide documentation about the Charger's compliance with relevant safety standards. Searay did so, and Amazon reinstated the product on its website approximately ten days later.

We decline Plaintiff's invitation to find Amazon's actions "outrageous" or motivated by "evil," when discovery has produced no such facts. Restatement (Second) of Torts § 908. There does not appear to be any evidence from which a reasonable jury could find that punitive damages are warranted here, and, accordingly, we exercise our gatekeeping function and grant summary judgment in favor of Amazon as to Count III (Punitive Damages) in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Defendant Amazon's MSJ is denied as to the failure to warn claim in Count II (Strict Liability); granted as to the failure to warn claim in Count I (Negligence); granted as to the failure to recall claim in Count I (Negligence); and granted as to Count III (Punitive Damages) in its entirety. An appropriate Order follows.